IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.  ROMELL E. BULLOCK,
3.  GREGORY A. COLLINS,
4.  **GEORGE A. GADDY,**
5.  DELBERT J. GARDNER,
6.  RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
8.  ERIC LUGO,
9.  LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

   Defendants.

_____

**DEFENDANT, GADDY'S MOTION TO ADOPT AND INCORPORATE BY REFERENCE DEFENDANT, LUGO'S MOTION TO DISCLOSE IDENTITY OF INFORMANTS (WITH AUTHORITY) (DOCKET #252)**
_____

**COMES NOW**, the Defendant, George M. Gaddy, by and through his Court-appointed attorney, Jeffrey R. Edelman ("Edelman"), of Jeffrey R. Edelman, P.C., and hereby respectfully adopts and incorporates by reference the arguments made in the Defendant, Lugo's Motion to Disclose Identity of Informants (With Authority) (Docket

#252) with the following supplementation and limitations in conformity with this Court's Order on Procedures (Docket #111) filed on January 30, 2012, ¶6, and as grounds therefore, states and alleges as follows:

1.   The Defendant assumes the government objects to this request otherwise the identity of the confidential informant ("CI") would have already been disclosed.

2.   Initial discovery which was not subject to a protective order indicatied that a confidential informant observed the Defendant consuming marijuana and potentially even cocaine in the purported Hells Lovers Motorcycle Club Clubhouse (hereinafter referred to as "HLMC") without disclosing a time or date or any proof the substances were controlled substances.  It is believed those substances were not seized or tested.  Upon information and belief, there is no other evidence pointing the Defendant to the charges.  There may be additional inculpatory and/or exculpatory evidence in the additional over 2,300 pages of discovery.

3.   Over 2,300 pages of discovery were recently received by this Defendant.  This discovery is subject to a protective order.  Many of the discovery pages are photographs of firearms, weapons and other images.  The Defendant has not had an opportunity, nor has his attorney, to review the reports of investigation and photographs in an attempt to connect those photographs of the current charges to the Defendant.  The materials are not in an electronic searchable format as received but have since been made searchable on April 2, 2012.  The Defendant was required to hire an I.T. controller in order to convert the discovery in a searchable format before the discovery became searchable.

4.      *U.S. v. Rovario,* 353 U.S. 53 (1956) provides this Court with some guidance of the factors it must consider with regards to the defendant's request.  The witness thus far identified as a CI is claimed to have direct evidence of that the Defendant may have been smoking marijuana at the "clubhouse."  This witness will undoubtedly be called as a witness against the Defendant.  The government may also claim the Defendant is a well-respected member of the club, but by whom the Defendant does not know. The Defendant may or may not be well respected.  Regardless, the Defendant believes this evidence is "mere presence" evidence.

5.      The purpose of a CI is to further investigative techniques by the police. Even if the CI will not be a witness against the Defendant and he may still be used to impeach other witnesses and therefore Defendant must know who his or her identity and it is relevant.  Before the Defendant can interview the CI he must know who the CI is. *Portomene v. U.S.,* 221 F.2d 582 (5th Cir. 1995), *U.S. v. Conforti,* 200 F.2d 365 (7th Cir. 1952), *Sorrentino v. U.S.,* 163 F.2d 627 (9th Cir. 1947)

6.      It is unknown whether or not the confidential informant ("CI") was a reliable individual, what evidence was gleaned by the law enforcement and how reliable the CI(s) was, nor the content of any statements.  The reliability of a CI is required in order to establish probable cause for a warrant.  *Aguilar v. Texas,* 378 U.S. 108 (1964); *Beck v. Ohio,* 379 U.S 89 (1964); *Recznik v. City of Lorain,* 393 U.S. 166 (1968)  See *Florida v. J.L.,* 529 U.S. 266 (2000); *Adams v. Williams,* 407 U.S. 143 (1972); *Alabama v. White,* 110 S.Ct. 2412 (1990) and *Illinois v. Gates*, 514 U.S. 1 (1995)  before a search warrant is made.

7. At a minimum, the government should be ordered to identify the C.I.'s exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963); Giglio v. U.S., 450 U.S. 150, 92 S.Ct. 763 (1972), Fed.R.Crim.P. Rule 16 and the Discovery Conference Memorandum and Order (Docket #121).

8. The Court should order the government to disclose the identities of the CI and if the government refuses, to dismiss the indictment or other sanctions such as prohibiting the witness to testify. This prohibition will not remedy a denial of disclosure under *Brady, Giglio* and other provisions under the United States Constitution, Amendments V and VI.

**WHEREFORE,** the Defendant, Gaddy hereby requests that this Court to order the government to disclose the identities of the confidential informants as requested in Defendant, Lugo's Motion (Docket #252) and incorporated herein by reference, for the reasons stated.

Respectfully submitted this 3rd day of April, 2012.

**JEFFREY R. EDELMAN, P.C.**

s/ Jeffrey R. Edelman

Jeffrey R. Edelman, # 7413
19201 East Mainstreet, Suite 203
Parker, Colorado  80134
[720] 851-8440
[720] 851-5874 [fax]
Email:  jredel@earthlink.net
*Attorney for Defendant, Gaddy (4)*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that true and correct copies of the foregoing instrument were filed with the Clerk of the Court and served electronically via ECF, on this 3rd day of April, 2012, and addressed to the following:

Guy Till, Esq.
Assistant United States Attorney
1225 – 17th Street East
Seventeenth Street Plaza, Suite 700
Denver, Colorado  80202
Email:  guy.till@usdoj.gov

Edward R. Harris, Esq.
Office of the Federal Public Defender
633 – 17th Street, Suite 1000
Denver, Colorado  80202
Email:  Edward_Harris@fd.org
*Attorney for Defendant, Askew (1)*

John H. Schlie, Esq.
Law Office of John Henry Schlie, P.C.
7100 East Belleview Avenue, #G-11
Greenwood Village, Colorado  80111
Email:  johnhenry@schlielawfirm.com
*Attorney for Defendant, Bullock (2)*

R. Scott Reisch, Esq.
Reisch Law Firm, LLC.
1490 West 121st Avenue, Suite 202
Denver, Colorado  80234
Email:  rscottreisch@att.net
*Attorney for Defendant, Collins (3)*

Scott Jurdem, Esq.
Jurdem, LLC
820 Pearl Street, Suite H
Boulder, Colorado  80302
Email:  sj@jurdem.com
*Attorney for Defendant, Gardner (5)*

Miller M. Leonard, Esq.
Miller Leonard, P.C.
1767 Denver West Boulevard, Suite A
Golden, Colorado  80401
Email:
miller@themillerleonardlawfirm.com
*Attorney for Defendant, Johnson (6)*

Joseph Saint-Veltri, Esq.
900 Logan Street
Denver, Colorado  80203
Email:  jsvlawoffice@gmail.com
*Attorney for Defendant, Khamsahu (7)*

Dennis W. Hartley, Esq.
Dennis W. Hartley, P.C.
1749 South 8th Street, Suite 5
Colorado Springs, Colorado  80905
Email:  Julia@hartleyslaw.com
*Attorney for Defendant, Lugo (8)*

Thomas J. Hammond, Esq.
Thomas J. Hammond, P.C.
955 Bannock Street, Suite 200
Denver, Colorado  80204
Email:  hammondlaw@solucian.com
*Attorney for Defendant, Martin (9)*

Normando R. Pacheco, Esq.
2371 Locust
Denver, Colorado  80207
Email:  joannasweetpea6@aol.com
*Attorney for Defendant, Myers (10)*

-6-

Charles W. Elliott, Esq.
The Law Office of Charles W. Elliott
1801 Broadway, Suite 1100
Denver, Colorado  80202
Email:  CWEMDEDME@aol.com
*Attorney for Defendant, Parker (11)*

Darren R. Cantor, Esq.
Darren R. Cantor, P.C.
1127 Auraria Parkway, Suite 201-B
Denver, Colorado  80204
Email:  Darren@cantorlaw.com
*Attorney for Defendant, Calvin Riley (12)*

Ariel Z. Benjamin, Esq.
Harvey A. Steinberg, Esq.
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, Colorado  80202-4920
Email:
abenjamin@springersteinberg.com
 law@springersteinberg.com
*Attorneys for Defendant, Corey Riley (13)*

Thomas D. Edstrom, Esq.
Eric M. Lee, Esq.
Douglas L. Romero, Esq.
Law Office of Douglas L. Romero, LLC
200 S. Sheridan Boulevard, Suite 150
Denver, Colorado  80226-8006
Emails:
timedstrom@
  coloradochristiandefensecounsel.com
ericlee@
  coloradochristiandefensecounsel.com
dougromero@
  coloradochristiandefensecounsel.com
*Attorneys for Defendant, Schrah (14)*

Jonathan S. Willett, Esq.
The Law Offices of Jonathan S. Willett
1331 – 17th Street, Suite 608
Denver, Colorado  80202
Email:  jwillett@willettlaw.net
*Attorney for Defendant, Switzer (15)*

Ronald J. Hahn, Esq.
Law Offices of Ronald Hahn
333 West Hampden Avenue, Suite 415
Englewood, Colorado  80110
Email:  rhahn3667@hotmail.com
*Attorney for Defendant, Wright*

s/Julie M. Mesaros

Julie M. Mesaros, Paralegal