IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

    Defendants.

---

## MOTION FOR DISCLOSURE OF F.R.E. RULES 404(b), 609, 806 and 807 EVIDENCE

---

**COMES NOW**, the Defendant, George M. Gaddy, by and through his Court-appointed attorney, Jeffrey R. Edelman ("Edelman"), of Jeffrey R. Edelman, P.C., and hereby moves this Court to order the government to disclose all F.R.E. Rules 404(b), 609, 801(d)(2)(E), 806 and 807 evidence that it may possess and/or use at trial, and as grounds therefore, states and alleges as follows:

1. Defendant, Gaddy has been charged in Counts 31 and 32 of the Indictment (Docket #1) and the First Superseding Indictment (Docket #180) of conspiracy to use and maintain a drug-involved premises and using and maintaining a drug-involved premises pursuant to 21 U.S.C. § 846 and 856(a)(1) and (2) and (b), and aiding and abetting pursuant to 18 U.S.C. § 2.

2. F.R.E. Rule 609 permits the introduction of a prior conviction for impeachment of the Defendant and witnesses should Gaddy decide to testify in his own behalf after the court determines that probative value of admitting this evidence outweighs its prejudicial affect to the accused. It is believed the Defendant has at least prior convictions that may be subject to Rule 609. It would appear from the discovery that many witnesses to be called by the government have prior convictions too.

3. Subsection 2 requires an additional finding that the Court must make if the prior conviction required an act of dishonesty or false statement. The Court must also consider F.R.E. Rule 403.

4. Subsection 1(b) of F.R.E. Rule 609 also requires the Court to determine the time limit in which the conviction occurred or the release from custody, whichever is later.

5. Notice of the intent of the government to utilize any these prior convictions beforehand will give the Defendant an opportunity to prepare for its introduction, if permitted. Notice of a witness's prior conviction is also necessary in order to impeach the witnesses and effectively prepare for trial.

6.        This Defendant is not clear on the elements of his prior convictions or when he was released from custody.  This will require the Defendant to obtain the records of his conviction and records of his imprisonment.

### F.R.E. Rule 807 – Residual Exception

7.        With regards to F.R.E. Rule 807, this Defendant joins the arguments of Defendant, Lugo's Motion (Docket #254) pursuant to the Court's Order on Procedures ¶ 6 (Docket #111) entered by the Court on January 30, 2012.  The nature and extent of the 807 evidence can only be determined after the trial begins and/or the witness list is provided and sufficient time to investigate this information is disclosed.  Once the information is disclosed, the Court can apply the requirement of Rule 807.  At least one reason to order the disclosure well before trial is to prevent delay during trial.

8.        There is no time period for the disclosure of such statements and this Defendant requests that the Court direct the government to provide notice of intent to introduce any statements that it may offer under this rule together with the specifics of the statement, including the names and addresses of the declarant at least 60 days prior to trial so that the Defendant while preparing for trial will have an opportunity to investigate the statements themselves and attempt to attack the credibility of any of the declarants pursuant to F.R.E. Rule 806.

### F.R.E. Rule 806 – Attacking and Supporting Credibility of Declarant

9.        F.R.E. Rule 806 states:

> "When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness.

> Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain. If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine the declarant on the statement as if under cross-examination."

10.     In addition to attacking the credibility of any statement made in support of the furtherance of the conspiracy pursuant to F.R.E. 801(d)(2)(C), (D), or (E), the Defendant may attack the credibility of such declarant.

11.     In Count 31 of the Indictment (Docket #1) and the First Superseding Indictment (Docket #180), the Defendant is charged with a conspiracy to use and maintain a drug-involved premises and the Defendant's purported co-conspirators are Co-Defendants, Romell E. Bullock (2), Gregory A. Collins (3), Sheps H. Khamsahu (7), Lawrence T. Martin (9), Johnie E. Myers (10), Calvin R. Riley (12), Corey L. Riley (13), and Thomas A. Schrah, Jr. (14). To date, five (5) of the charged co-conspirators have filed Notices of Disposition. Typically, in these types of cases in this district, witnesses who file a Notice of Disposition have more likely than not, provided statements and information to the government or will shortly thereafter. The Court has ordered the government to disclose this information by May 4, 2012.

### F.R.E. Rule 404 – Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes.

12.     F.R.E. Rule 404(a), *Character Evidence generally,* states:

> "Evidence of a person's character or a trait of character is not admissible for the purposes of proving action in conformity therewith on a particular occasion, except:"

F.R.E. Rule 404(a)(1), *Character of Accused,* states:

"In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution."

F.R.E. Rule 404(b), *Other Crimes, Wrongs, or Acts,* states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

13.     Defendant requests pre-trial disclosure of F.R.E. Rule 404(b) evidence in order to provide the Defendant sufficient time to investigate the evidence and properly prepare for trial and determine his strategy. Pre-trial notice well in advance of trial will give the Defendant the aforementioned opportunity and afford him Due Process, the effective assistance of counsel and the right to confront his accuser.

**WHEREFORE,** the Defendant, Gaddy requests that the Court order by request F.R.E. 404(b), 609, 806, and 807 evidence as the statements become available and for an order to preserve the notes of the proffer statements, for the reasons stated.

-6-

Respectfully submitted this 3rd day of April, 2012.

        **JEFFREY R. EDELMAN, P.C.**

        s/ Jeffrey R. Edelman
        _____
        Jeffrey R. Edelman, # 7413
        19201 East Mainstreet, Suite 203
        Parker, Colorado  80134
        [720] 851-8440
        [720] 851-5874 [fax]
        Email:  jredel@earthlink.net
        *Attorney for Defendant, Gaddy (4)*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of the foregoing instrument were filed with the Clerk of the Court and served electronically via ECF, on this 3rd day of April, 2012, and addressed to the following:

Guy Till, Esq.
Assistant United States Attorney
1225 – 17th Street East
Seventeenth Street Plaza, Suite 700
Denver, Colorado  80202
Email:  guy.till@usdoj.gov

Miller M. Leonard, Esq.
Miller Leonard, P.C.
1767 Denver West Boulevard, Suite A
Golden, Colorado  80401
Email:  miller@themillerleonardlawfirm.com
*Attorney for Defendant, Johnson (6)*

Edward R. Harris, Esq.
Office of the Federal Public Defender
633 – 17th Street, Suite 1000
Denver, Colorado  80202
Email:  Edward_Harris@fd.org
*Attorney for Defendant, Askew (1)*

Joseph Saint-Veltri, Esq.
900 Logan Street
Denver, Colorado  80203
Email:  jsvlawoffice@gmail.com
*Attorney for Defendant, Khamsahu (7)*

John H. Schlie, Esq.
Law Office of John Henry Schlie, P.C.
7100 East Belleview Avenue, #G-11
Greenwood Village, Colorado  80111
Email:  johnhenry@schlielawfirm.com
*Attorney for Defendant, Bullock (2)*

Dennis W. Hartley, Esq.
Dennis W. Hartley, P.C.
1749 South 8th Street, Suite 5
Colorado Springs, Colorado  80905
Email:  Julia@hartleyslaw.com
*Attorney for Defendant, Lugo (8)*

R. Scott Reisch, Esq.
Reisch Law Firm, LLC.
1490 West 121st Avenue, Suite 202
Denver, Colorado  80234
Email:  rscottreisch@att.net
*Attorney for Defendant, Collins (3)*

Thomas J. Hammond, Esq.
Thomas J. Hammond, P.C.
955 Bannock Street, Suite 200
Denver, Colorado  80204
Email:  hammondlaw@solucian.com
*Attorney for Defendant, Martin (9)*

Scott Jurdem, Esq.
Jurdem, LLC
820 Pearl Street, Suite H
Boulder, Colorado  80302
Email:  sj@jurdem.com
*Attorney for Defendant, Gardner (5)*

Normando R. Pacheco, Esq.
2371 Locust
Denver, Colorado  80207
Email:  joannasweetpea6@aol.com
*Attorney for Defendant, Myers (10)*

-8-

| | |
|---|---|
| Charles W. Elliott, Esq.<br>The Law Office of Charles W. Elliott<br>1801 Broadway, Suite 1100<br>Denver, Colorado  80202<br>Email:  CWEMDEDME@aol.com<br>*Attorney for Defendant, Parker (11)* | Thomas D. Edstrom, Esq.<br>Eric M. Lee, Esq.<br>Douglas L. Romero, Esq.<br>Law Office of Douglas L. Romero, LLC<br>200 S. Sheridan Boulevard, Suite 150<br>Denver, Colorado  80226-8006<br>Emails:<br>timedstrom@coloradochristiandefensecounsel.com<br>ericlee@coloradochristiandefensecounsel.com<br>dougromero@coloradochristiandefensecounsel.com<br>*Attorneys for Defendant, Schrah (14)* |
| Darren R. Cantor, Esq.<br>Darren R. Cantor, P.C.<br>1127 Auraria Parkway, Suite 201-B<br>Denver, Colorado  80204<br>Email:  Darren@cantorlaw.com<br>*Attorney for Defendant, Calvin Riley (12)* | |
| Ariel Z. Benjamin, Esq.<br>Harvey A. Steinberg, Esq.<br>Springer & Steinberg, P.C.<br>1600 Broadway, Suite 1200<br>Denver, Colorado  80202-4920<br>Email:<br>abenjamin@springersteinberg.com<br>law@springersteinberg.com<br>*Attorneys for Defendant, Corey Riley (13)* | Jonathan S. Willett, Esq.<br>The Law Offices of Jonathan S. Willett<br>1331 – 17th Street, Suite 608<br>Denver, Colorado  80202<br>Email:  jwillett@willettlaw.net<br>*Attorney for Defendant, Switzer (15)*<br><br>Ronald J. Hahn, Esq.<br>Law Offices of Ronald Hahn<br>333 West Hampden Avenue, Suite 415<br>Englewood, Colorado  80110<br>Email:  rhahn3667@hotmail.com<br>*Attorney for Defendant, Wright* |

s/Julie M. Mesaros

---

Julie M. Mesaros, Paralegald