IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

      Defendants.

---

### DEFENDANT, GADDY'S MOTION FOR RELEASE OF GRAND JURY TRANSCRIPTS

---

**COMES NOW**, the Defendant, George M. Gaddy, by and through his Court-appointed attorney, Jeffrey R. Edelman ("Edelman"), of Jeffrey R. Edelman, P.C., and hereby requests this Court order the release of the Grand Jury Transcripts pursuant to Fed.R.Crim. P. Rule 6(e)(3)(E)(i), and as grounds therefore, states and alleges as follows:

1.      The undersigned has conferred with the Assistant United States Attorney, Guy Till, to ascertain whether or not he objects to Defendant's request, and Mr. Till objects to the Defendant's request.

2.      A Grand Jury indicted Defendant, George A. Gaddy, in Counts 31 and 32 of the indictment.  Count 31 charges a conspiracy to use and maintain a drug-involved premises and using and maintaining a drug-involved premises pursuant to 21 U.S.C. § 846 and 856(a)(1) and (2) and (b), with Co-Defendants, (2) Romell E. Bullock, (3) Gregory A. Collins, (7) Sheps H. Khamsahu, (9) Lawrence T. Martin, (10) Johnie A. Myers, (12) Calvin R. Riley, (13) Corey L. Riley, and (14) Thomas A. Schrah, Jr., of which five (5) have filed Notices of Disposition.  Count 32 accuses the Defendant of aiding and abetting pursuant to 18 U.S.C. § 2.

3.      The Defendant requests that this Court order the government to take the steps necessary to prepare transcripts of the Grand Jury proceedings in this case if it has not already and serve them upon counsel for Gaddy.

4.      The Defendant states that Fed.R.Crim.P. Rule 6(e)(3)(E)(i) allows the Court to authorize disclosure at a time and in a manner and subject to any other conditions that it directs of a Grand Jury matter preliminarily to or in connection with a judicial proceeding.

5.      There are over 2,300 pages of discovery that was received by this Defendant.  This discovery is subject to a protective order.  Many of the discovery pages are photographs of firearms, weapons and other images.  The Defendant has not had an opportunity, nor has his attorney, to review all of the reports of investigation and photographs in an attempt to connect those photographs of the current charges of the

Defendant. These materials were not in a searchable format until a few days ago when a searchable program was delivered to the undersigned with approximately 500 pages of additional discovery.

6. Initial discovery which was not subject to a protective order indicated that a confidential informant ("CI") observed the Defendant consuming marijuana and potentially even cocaine[1] in the purported Hells Lovers Motorcycle Club Clubhouse (hereinafter referred to as "HLMC"). Thus far, no other reviewed evidence points to the Defendant. There may be additional inculpatory evidence in the additional approximate 2,300 pages. The indictment does not set forth any acts and is so vague that the Defendant cannot mount a defense. The theory of the government's case is believed to be mere presence, knowledge of Co-Defendants' criminal behavior and the Defendant's "respect" by club members.

7. The Defendant is required to show a particularized need in order to prevent an injustice to overcome the public interest in the secrecy of the Grand Jury and such an order is within the sound discretion of the trial court. *U.S. v. Warren,* 7474 F.2d 1339 (10th Cir. 1984) and *U.S. v. Rockwell Int'l Corp.,* 173 F.3d 757 (10th Cir. 1999).

8. The particularized need for the Grand Jury transcripts at least as they apply to this Defendant is to provide him with a fair trial, effective assistance of counsel, Due Process and an opportunity to effectively confront the witnesses testimony offered against him and to permit the Defendant to know what acts he has committed, with whom and when, in order to mount a defense to the government's case and most importantly to disclose to the Defendant at least minimally disclose to the Defendant the evidence

---

[1] No time, place or context was provided.

elicited at the Grand Jury to indict the Defendant.    (See also motion to disclose the identity of confidential informants filed contemporaneously herewith.)  The unprotected discovery does not provide this information.[2]  The government has not directed the Defendant to any acts in the protected discovery and the Defendant has not had an opportunity to identify any act(s), but thus far there is none.

        9.      The Grand Jury transcripts are likely to disclose additional information to assist the Defendant in further investigation and the defense in this matter and inform the Defendant what acts he is alleged to have committed giving rise to the Defendant's involvement in the charges and could result in an effort to attack the adequacy of the indictment, if at all.

        10.     Typically in this District, an order disclosing the Grand Jury materials are subject to a protective order to limit disclosure to anyone but the Defendant's counsel, his office staff and other professionals hired by the Defendant who then are notified of and become subject to the same protective order.

        11.     The Defendant has no objection to these restrictions and will maintain records of the number of photocopies that are made of the Grand Jury transcripts, will share any protective order with anyone that the Grand Jury transcripts are shared with, and abide by any other provision of any protective order the Court authorizes.

        12.     The Defendant is not incarcerated and therefore, any fear that the Defendant will circulate the Grand Jury transcripts with others while in detention is not present.

---

[2] To the extent reviewed by the Defendant.

-5-

**WHEREFORE,** the Defendant, Gaddy requests this Court grant the Defendant's Motion for the Release of the Grand Jury Transcripts on the basis that good cause and particularized need has been shown and an Order be issued permitting its release subject to any restrictions and/or protective order, for the reasons stated.

Respectfully submitted this 3rd day of April, 2012.

**JEFFREY R. EDELMAN, P.C.**

s/ Jeffrey R. Edelman
_____

Jeffrey R. Edelman, # 7413
19201 East Mainstreet, Suite 203
Parker, Colorado  80134
[720] 851-8440
[720] 851-5874 [fax]
Email:  jredel@earthlink.net
*Attorney for Defendant, Gaddy (4)*

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that true and correct copies of the foregoing instrument were filed with the Clerk of the Court and served electronically via ECF, on this 3rd day of April, 2012, and addressed to the following:

Guy Till, Esq.
Assistant United States Attorney
1225 – 17th Street East
Seventeenth Street Plaza, Suite 700
Denver, Colorado  80202
Email:  guy.till@usdoj.gov

Edward R. Harris, Esq.
Office of the Federal Public Defender
633 – 17th Street, Suite 1000
Denver, Colorado  80202
Email:  Edward_Harris@fd.org
*Attorney for Defendant, Askew (1)*

John H. Schlie, Esq.
Law Office of John Henry Schlie, P.C.
7100 East Belleview Avenue, #G-11
Greenwood Village, Colorado  80111
Email:  johnhenry@schlielawfirm.com
*Attorney for Defendant, Bullock (2)*

R. Scott Reisch, Esq.
Reisch Law Firm, LLC.
1490 West 121st Avenue, Suite 202
Denver, Colorado  80234
Email:  rscottreisch@att.net
*Attorney for Defendant, Collins (3)*

Scott Jurdem, Esq.
Jurdem, LLC
820 Pearl Street, Suite H
Boulder, Colorado  80302
Email:  sj@jurdem.com
*Attorney for Defendant, Gardner (5)*

Miller M. Leonard, Esq.
Miller Leonard, P.C.
1767 Denver West Boulevard, Suite A
Golden, Colorado  80401
Email:
miller@themillerleonardlawfirm.com
*Attorney for Defendant, Johnson (6)*

Joseph Saint-Veltri, Esq.
900 Logan Street
Denver, Colorado  80203
Email:  jsvlawoffice@gmail.com
*Attorney for Defendant, Khamsahu (7)*

Dennis W. Hartley, Esq.
Dennis W. Hartley, P.C.
1749 South 8th Street, Suite 5
Colorado Springs, Colorado  80905
Email:  Julia@hartleyslaw.com
*Attorney for Defendant, Lugo (8)*

Thomas J. Hammond, Esq.
Thomas J. Hammond, P.C.
955 Bannock Street, Suite 200
Denver, Colorado  80204
Email:  hammondlaw@solucian.com
*Attorney for Defendant, Martin (9)*

Normando R. Pacheco, Esq.
2371 Locust
Denver, Colorado  80207
Email:  joannasweetpea6@aol.com
*Attorney for Defendant, Myers (10)*

-7-

Charles W. Elliott, Esq.
The Law Office of Charles W. Elliott
1801 Broadway, Suite 1100
Denver, Colorado  80202
Email:  CWEMDEDME@aol.com
*Attorney for Defendant, Parker (11)*

Darren R. Cantor, Esq.
Darren R. Cantor, P.C.
1127 Auraria Parkway, Suite 201-B
Denver, Colorado  80204
Email:  Darren@cantorlaw.com
*Attorney for Defendant, Calvin Riley (12)*

Ariel Z. Benjamin, Esq.
Harvey A. Steinberg, Esq.
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, Colorado  80202-4920
Email:
abenjamin@springersteinberg.com
          law@springersteinberg.com
*Attorneys for Defendant, Corey Riley (13)*

Thomas D. Edstrom, Esq.
Eric M. Lee, Esq.
Douglas L. Romero, Esq.
Law Office of Douglas L. Romero, LLC
200 S. Sheridan Boulevard, Suite 150
Denver, Colorado  80226-8006
Emails:
timedstrom@
  coloradochristiandefensecounsel.com
ericlee@
  coloradochristiandefensecounsel.com
dougromero@
  coloradochristiandefensecounsel.com
*Attorneys for Defendant, Schrah (14)*

Jonathan S. Willett, Esq.
The Law Offices of Jonathan S. Willett
1331 – 17th Street, Suite 608
Denver, Colorado  80202
Email:  jwillett@willettlaw.net
*Attorney for Defendant, Switzer (15)*

Ronald J. Hahn, Esq.
Law Offices of Ronald Hahn
333 West Hampden Avenue, Suite 415
Englewood, Colorado  80110
Email:  rhahn3667@hotmail.com
*Attorney for Defendant, Wright*

s/Julie M. Mesaros

Julie M. Mesaros, Paralegal