IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

      Defendants.

_____

**ORDER PERMITTING DISCLOSURE OF GRAND JURY MATERIALS**
_____

THE COURT has reviewed the Defendant, Gaddy's Motion to Release Grand Jury Transcripts in the above-captioned case. Federal Rule of Criminal Procedure 6(e)(3)(E)(i) provides that the Court may authorize the disclosure at a time, in a manner, and subject to any other conditions that it directs of grand-jury matter, preliminarily to or in connection with a judicial proceeding. As grounds therefor, the Defendant has stated:

1

Disclosure of pertinent portions of the Grand Jury transcripts may be in the best interest of justice.  In the course of preparation for trial and during the conduct of certain pretrial matters and at trial it may be appropriate to disclose to the defense portions of the Grand Jury transcripts pertaining to certain witnesses for the limited purpose of preparing for and conducting trial.  *See* 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2, 16, 6(e)(3)(E)(i).  Such early disclosure will prevent delay at trial.

BEING now advised in the premises, the Court Finds, Concludes, and Orders the following:

The Motion is **GRANTED.**  The United States Attorney's Office shall disclose to the defense pertinent portions of the transcripts of witness(es)' testimony before the Grand Jury in the above-captioned case after it has been determined by the Government that such witness will be called to testify at trial, has specific information of the acts alleged to have been committed by this Defendant, George Gaddy.  The defense attorneys are to maintain control over the materials, keeping those in his or her confidential files and under the control of his or her confidential employees and/or other professionals appointed in this matter, including private investigators.  The Court's Order here today permits pretrial disclosure of pertinent portions of the Grand Jury transcripts which would be disclosed pursuant to 18 U.S.C. § 3500 or Federal Rules of Criminal Procedure 26.2 and 16, *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194 (1963); *Giglio v. U.S.,* 450 U.S. 150, 92 S.Ct. 763 (1972), the Defendant's Due Process rights, rights to effective assistance of counsel and to confrontation and pursuant to the authority set forth in Defendant, Gaddy's Motion to release Grand Jury transcripts.

3

The Grand Jury materials so disclosed are to be used for the purpose of the above captioned case, to include any appeals taken, and for no other purpose until further order of this Court. The United States Attorney's Office is directed to enclose a copy of this Order with any Grand Jury material disclosed pursuant to this Order.

Dated this _____ day of _____, 2012.

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge