IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

      Defendants.

_____

### DEFENDANT, GADDY'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS AND WARRANT
_____

**COMES NOW**, the Defendant, George M. Gaddy, by and through his Court-appointed attorney, Jeffrey R. Edelman ("Edelman"), of Jeffrey R. Edelman, P.C., and hereby moves this Court to suppress evidence seized and statements made for lack of probable cause to arrest, search and seize Defendant's property, and violations of the Defendant's rights under the Fourth and Fifth Amendments to the United States

Constitution, et al. and procedural deficiencies in obtaining wrongfully seized evidence, or giving Defendant is *Miranda* rights pursuant to *Miranda v. Arizona,* 86 S.Ct. 1602 (1966), and as grounds therefore, states and alleges as follows:

1.  This motion is being filed in order to preserve the Defendant's rights and timely file this motion to suppress should any cause from evidence reviewed supporting such a motion. The Defendant is also filing this motion in order to avoid surprise at trial. A formal confession of this motion by the government will render this motion moot.

2.  Defendant, Gaddy has been charged in Counts 31 and 32 of the Indictment (Docket #1) and the First Superseding Indictment (Docket #180) of conspiracy to use and maintain a drug-involved premises and using and maintaining a drug-involved premises pursuant to 21 U.S.C. § 846 and 856(a)(1) and (2) and (b), and aiding and abetting pursuant to 18 U.S.C. § 2.

3.  Upon information and belief, controlled substances may have been seized to support the charges against this Defendant from places in which the Defendant had an expectation of privacy, without consent or without probable cause and was otherwise wrongfully obtained.

4.  The Defendant recently received over 2,300 pages of discovery subject to a protective order. The Defendant has not had an opportunity to thoroughly review the all of this discovery or the investigative reports however many of the pages are photographs of firearms, weapons and other images. The initial discovery that was not subject to a protective order, indicated that a confidential informant ("CI") observed the Defendant consuming marijuana and potentially even cocaine in the purported Hells Lovers Motorcycle Club Clubhouse ("HLMC"). The Defendant does not know of other

evidence that may show an illegal search, seizure or violation of the Defendant's right to not incriminate himself under the Fifth Amendment to the United States Constituion.

5. The Defendant may have made statements while he was in "custody" or when a reasonable person would have believed that their freedom was curtailed, and may have made incriminating statements to police upon interrogation.

6. The Defendant is entitled to not incriminate himself when subject to custodial interrogation. Fifth Amendment Without just being told of a proper advisement pursuant to *Miranda v. Arizona,* 86 S.Ct. 1602, 1630, (1966) any statements and incriminating statements made while in "custody" and interrogation are suppressable. Currently, it is uncertain if any statements were given, if the alleged advisement was given and if a waiver of the rights was made in said advisement.

7. The Defendant has the right to remain silent guaranteed by the Fifth Amendment to the United States Constitution. It is uncertain whether or not the government intends to use any statements of the Defendant at any trial either in its case in chief and/or during cross-examination.

8. If there are such statements, the government intends to use, the Defendant requests that this Court order the government to provide those statements.

9. A waiver of the Defendant's rights must be intelligent, knowing and voluntary. Any statement must also be intelligently, knowingly and voluntary given.

10. The Defendant believes that his constitutional rights, under the United States Constitution, may have been violated because there may not have been any probable cause to conduct the search and seizure.

11.     Any searches and seizures of any evidence may have been in violation of the Defendant's Fourth Amendment rights wherein the Defendant may have had an expectation of privacy.

12.     The Defendant files this Motion to Suppress Evidence and Statements in order to preserve his constitutional rights and in order to avoid surprise at trial.  This motion can be disposed of simply with a confession of this motion.

**WHEREFORE,** the Defendant, Gaddy requests that this Court suppress all evidence and statements, and for such other relief as the Court deems just and proper, for the reasons stated.

Respectfully submitted this 3rd day of April, 2012.

**JEFFREY R. EDELMAN, P.C.**

s/ Jeffrey R. Edelman

_____

Jeffrey R. Edelman, # 7413
19201 East Mainstreet, Suite 203
Parker, Colorado  80134
[720] 851-8440
[720] 851-5874 [fax]
Email:  jredel@earthlink.net
*Attorney for Defendant, Gaddy (4)*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of the foregoing instrument were filed with the Clerk of the Court and served electronically via ECF, on this 3rd day of April, 2012, and addressed to the following:

Guy Till, Esq.
Assistant United States Attorney
1225 – 17th Street East
Seventeenth Street Plaza, Suite 700
Denver, Colorado  80202
Email:  guy.till@usdoj.gov

Miller M. Leonard, Esq.
Miller Leonard, P.C.
1767 Denver West Boulevard, Suite A
Golden, Colorado  80401
Email:  miller@themillerleonardlawfirm.com
*Attorney for Defendant, Johnson (6)*

Edward R. Harris, Esq.
Office of the Federal Public Defender
633 – 17th Street, Suite 1000
Denver, Colorado  80202
Email:  Edward_Harris@fd.org
*Attorney for Defendant, Askew (1)*

Joseph Saint-Veltri, Esq.
900 Logan Street
Denver, Colorado  80203
Email:  jsvlawoffice@gmail.com
*Attorney for Defendant, Khamsahu (7)*

John H. Schlie, Esq.
Law Office of John Henry Schlie, P.C.
7100 East Belleview Avenue, #G-11
Greenwood Village, Colorado  80111
Email:  johnhenry@schlielawfirm.com
*Attorney for Defendant, Bullock (2)*

Dennis W. Hartley, Esq.
Dennis W. Hartley, P.C.
1749 South 8th Street, Suite 5
Colorado Springs, Colorado  80905
Email:  Julia@hartleyslaw.com
*Attorney for Defendant, Lugo (8)*

R. Scott Reisch, Esq.
Reisch Law Firm, LLC.
1490 West 121st Avenue, Suite 202
Denver, Colorado  80234
Email:  rscottreisch@att.net
*Attorney for Defendant, Collins (3)*

Thomas J. Hammond, Esq.
Thomas J. Hammond, P.C.
955 Bannock Street, Suite 200
Denver, Colorado  80204
Email:  hammondlaw@solucian.com
*Attorney for Defendant, Martin (9)*

Scott Jurdem, Esq.
Jurdem, LLC
820 Pearl Street, Suite H
Boulder, Colorado  80302
Email:  sj@jurdem.com
*Attorney for Defendant, Gardner (5)*

Normando R. Pacheco, Esq.
2371 Locust
Denver, Colorado  80207
Email:  joannasweetpea6@aol.com
*Attorney for Defendant, Myers (10)*

-6-

| | |
|---|---|
| Charles W. Elliott, Esq.<br>The Law Office of Charles W. Elliott<br>1801 Broadway, Suite 1100<br>Denver, Colorado  80202<br>Email:  CWEMDEDME@aol.com<br>*Attorney for Defendant, Parker (11)* | Thomas D. Edstrom, Esq.<br>Eric M. Lee, Esq.<br>Douglas L. Romero, Esq.<br>Law Office of Douglas L. Romero, LLC<br>200 S. Sheridan Boulevard, Suite 150<br>Denver, Colorado  80226-8006<br>Emails:<br>timedstrom@coloradochristiandefensecounsel.com<br>ericlee@coloradochristiandefensecounsel.com<br>dougromero@coloradochristiandefensecounsel.com<br>*Attorneys for Defendant, Schrah (14)* |
| Darren R. Cantor, Esq.<br>Darren R. Cantor, P.C.<br>1127 Auraria Parkway, Suite 201-B<br>Denver, Colorado  80204<br>Email:  Darren@cantorlaw.com<br>*Attorney for Defendant, Calvin Riley (12)* | |
| Ariel Z. Benjamin, Esq.<br>Harvey A. Steinberg, Esq.<br>Springer & Steinberg, P.C.<br>1600 Broadway, Suite 1200<br>Denver, Colorado  80202-4920<br>Email:<br>abenjamin@springersteinberg.com<br>law@springersteinberg.com<br>*Attorneys for Defendant, Corey Riley (13)* | Jonathan S. Willett, Esq.<br>The Law Offices of Jonathan S. Willett<br>1331 – 17th Street, Suite 608<br>Denver, Colorado  80202<br>Email:  jwillett@willettlaw.net<br>*Attorney for Defendant, Switzer (15)*<br><br>Ronald J. Hahn, Esq.<br>Law Offices of Ronald Hahn<br>333 West Hampden Avenue, Suite 415<br>Englewood, Colorado  80110<br>Email:  rhahn3667@hotmail.com<br>*Attorney for Defendant, Wright* |

s/Julie M. Mesaros

Julie M. Mesaros, Paralegal