IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

      Defendants.

---

### DEFENDANT, GADDY'S MOTION FOR BILL OF PARTICULARS
---

**COMES NOW**, the Defendant, George M. Gaddy, by and through his Court-appointed attorney, Jeffrey R. Edelman ("Edelman"), of Jeffrey R. Edelman, P.C., and hereby moves this Court for a bill of particulars or appropriate sanctions pursuant to Fed.R.Crim.P. 7(c)(1) and (f), as grounds therefore, states and alleges as follows:

1. The instant motion must be filed within 14 days of arraignment or at a later time if the Court permits. The motion was not filed within 14 days of the indictment. The Court did give the Defendants time up to and including April 20, 2012 to file this motion (Docket #325) on March 27, 2012.

2. Fed.R.Crim.P. Rule 7(c)(1) states:

> "The indictment or information must be a plain, concise, and definite written statement of the essential facts of the offense charged and must be signed by an attorney for the government."

3. Fed.R.Crim.P. Rule 7(f) states:

> "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice required."

4. The Defendant has been charged in Count 31 of the Indictment (Docket #1) and the First Superseding Indictment (Docket #180) of a conspiracy to use and maintain a drug-involved premises and using and maintaining a drug-involved premises pursuant to 21 U.S.C. § 846 and 856(a)(1) and (2) and (b) and Count 32 accuses the Defendant of aiding and abetting pursuant to 18 U.S.C. § 2 in addition to using and maintaining a drug-involved premises.

5. Counts 31 and 32 do not provide any facts much less a plain, concise and definite written statement of the essential facts. It merely contains a regurgitation of the elements of the crimes.

6. Initial discovery which was not subject to a protective order indicated that a confidential informant observed the Defendant consuming marijuana and potentially

even cocaine in the purported Hells Lovers Motorcycle Club Clubhouse (hereinafter referred to as "HLMC").  There may be additional inculpatory evidence in the additional approximate 2,300 pages served on or about February 22, 2012 containing approximately 102 pages of discovery that was not in a searchable format initially served on or about February 2, 2012 as well as additional disclosures that were served on or about April 2, 2012 consisting of over approximately 500 pages of discovery are in a searchable format.  The government may also claim that because the Defendant was merely present during the crimes that the Defendant knew others who were committing the crimes and/or is and/or was an elder in the club and well-respected, and therefore, guilty.

7. A Bill of Particulars is required to inform the Defendant of the facts and acts he is charged with in order to mount a defense and prevent a double jeopardy violation, provide him with Due Process and effective assistance of counsel and to be advised of the government's theory of its case.  *U.S. v. Doe,* 572 F.3d 1162, 1176 (10th Cir. 2009) citing *Sullivan v. U.S.,* 411 F.2d 556, 558 (10th Cir. 1969) (to avoid prejudicial surprise and adequate information for trial preparation.)   Failure to request a Bill of Particulars waives the right.  *Phillips v. U.S.,* 406 F.2d 599, 602 (10th Cir. 1969).

8. The Defendant requests that the government identify the acts the Defendant is accused of, when those acts occurred and who observed the acts in order to afford the Defendant his rights.

**WHEREFORE,** the Defendant, Gaddy requests the Court to Order the government to file a Bill of Particulars, for the reasons stated.

Respectfully submitted this 3rd day of April, 2012.

**JEFFREY R. EDELMAN, P.C.**

s/ Jeffrey R. Edelman
_____

Jeffrey R. Edelman, # 7413
19201 East Mainstreet, Suite 203
Parker, Colorado  80134
[720] 851-8440
[720] 851-5874 [fax]
Email:  jredel@earthlink.net
*Attorney for Defendant, Gaddy (4)*

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that true and correct copies of the foregoing instrument were filed with the Clerk of the Court and served electronically via ECF, on this 3rd day of April, 2012, and addressed to the following:

Guy Till, Esq.
Assistant United States Attorney
1225 – 17th Street East
Seventeenth Street Plaza, Suite 700
Denver, Colorado  80202
Email:  guy.till@usdoj.gov

Edward R. Harris, Esq.
Office of the Federal Public Defender
633 – 17th Street, Suite 1000
Denver, Colorado  80202
Email:  Edward_Harris@fd.org
*Attorney for Defendant, Askew (1)*

John H. Schlie, Esq.
Law Office of John Henry Schlie, P.C.
7100 East Belleview Avenue, #G-11
Greenwood Village, Colorado  80111
Email:  johnhenry@schlielawfirm.com
*Attorney for Defendant, Bullock (2)*

R. Scott Reisch, Esq.
Reisch Law Firm, LLC.
1490 West 121st Avenue, Suite 202
Denver, Colorado  80234
Email:  rscottreisch@att.net
*Attorney for Defendant, Collins (3)*

Scott Jurdem, Esq.
Jurdem, LLC
820 Pearl Street, Suite H
Boulder, Colorado  80302
Email:  sj@jurdem.com
*Attorney for Defendant, Gardner (5)*

Miller M. Leonard, Esq.
Miller Leonard, P.C.
1767 Denver West Boulevard, Suite A
Golden, Colorado  80401
Email:
miller@themillerleonardlawfirm.com
*Attorney for Defendant, Johnson (6)*

Joseph Saint-Veltri, Esq.
900 Logan Street
Denver, Colorado  80203
Email:  jsvlawoffice@gmail.com
*Attorney for Defendant, Khamsahu (7)*

Dennis W. Hartley, Esq.
Dennis W. Hartley, P.C.
1749 South 8th Street, Suite 5
Colorado Springs, Colorado  80905
Email:  Julia@hartleyslaw.com
*Attorney for Defendant, Lugo (8)*

Thomas J. Hammond, Esq.
Thomas J. Hammond, P.C.
955 Bannock Street, Suite 200
Denver, Colorado  80204
Email:  hammondlaw@solucian.com
*Attorney for Defendant, Martin (9)*

Normando R. Pacheco, Esq.
2371 Locust
Denver, Colorado  80207
Email:  joannasweetpea6@aol.com
*Attorney for Defendant, Myers (10)*

-6-

Charles W. Elliott, Esq.
The Law Office of Charles W. Elliott
1801 Broadway, Suite 1100
Denver, Colorado  80202
Email:  CWEMDEDME@aol.com
*Attorney for Defendant, Parker (11)*

Darren R. Cantor, Esq.
Darren R. Cantor, P.C.
1127 Auraria Parkway, Suite 201-B
Denver, Colorado  80204
Email:  Darren@cantorlaw.com
*Attorney for Defendant, Calvin Riley (12)*

Ariel Z. Benjamin, Esq.
Harvey A. Steinberg, Esq.
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, Colorado  80202-4920
Email:
abenjamin@springersteinberg.com
law@springersteinberg.com
*Attorneys for Defendant, Corey Riley (13)*

Thomas D. Edstrom, Esq.
Eric M. Lee, Esq.
Douglas L. Romero, Esq.
Law Office of Douglas L. Romero, LLC
200 S. Sheridan Boulevard, Suite 150
Denver, Colorado  80226-8006
Emails:
timedstrom@
  coloradochristiandefensecounsel.com
ericlee@
  coloradochristiandefensecounsel.com
dougromero@
  coloradochristiandefensecounsel.com
*Attorneys for Defendant, Schrah (14)*

Jonathan S. Willett, Esq.
The Law Offices of Jonathan S. Willett
1331 – 17th Street, Suite 608
Denver, Colorado  80202
Email:  jwillett@willettlaw.net
*Attorney for Defendant, Switzer (15)*

Ronald J. Hahn, Esq.
Law Offices of Ronald Hahn
333 West Hampden Avenue, Suite 415
Englewood, Colorado  80110
Email:  rhahn3667@hotmail.com
*Attorney for Defendant, Wright*

s/Julie M. Mesaros

Julie M. Mesaros, Paralegal