IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

          Plaintiff,

v.


1.  GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.  **GREGORY A. COLLINS,**
4.  **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

          Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENSE MOTIONS
FILED BY DEFENDANTS COLLINS AND GADDY
(#333, #334, #335, #336, #337, #338, #377, #378 and #379)**

---

The United States of America, by United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney (Government), respectfully submits this response to defense motions described below in accordance with Courtroom Minutes

1

dated March 15, 2012 (#317, p.2).  The Government respectfully states and represents to the Court as follows:

     1.   In general, the underlying investigation began in June 2007 after a drug courier was caught in Nebraska traveling east with a  kilogram of cocaine. The courier had obtained the kilogram of cocaine in Denver from Corey Riley. Corey Riley was then president of the Colorado chapter of Hell's Lovers Motorcycle Club (HLMC).   The HLMC is a self described "Zero percent" outlaw motorcycle gang.  The HLMC has chapters in a number of states. The HLMC functions as a secretive oligarchy, managed by a national board of directors, also known as the "Corrupt Crew."  The board of directors appoints officers in the HLMC.    Investigation discloses that, as "outlaws," HLMC members chronically tend to engage in conduct which violates State and federal laws.  Some of the unlawful conduct  takes place in the presence of other HLMC members and reflects collective behavior – some of the unlawful conduct represents the initiative of an individual or a clique acting more or less independently.   By 2009, federal investigators were concerned that HLMC members or associates were involved in weapons violations and crimes of violence in addition to illegal drug related crimes.  Investigators proceeded by the use of confidential human sources of information and an undercover agent.  A delayed notice Rule 41 search warrant was executed in July of 2011, resulting in the recovery of a number of weapons, more than 8 pounds of marijuana, and more than 300 grams of cocaine. Sealed  indictments  and  arrest  warrants  were  obtained.    The  investigation eventually resulted in the execution of six federal search warrants on or about January 20, 2012. More than 100 marijuana plants, records, and a number of firearms were recovered. The investigation continues to develop.

2. The Government contends the doctrine of complicity in Title 18 U.S.C. § 2 and principles of shared responsibility for reasonably foreseeable acts apply in this case under *Pinkerton v. United States*, 328 U.S. 640 (1946). For example, the pistol located pursuant to a federal search warrant executed at the HLMC clubhouse in a HLMC member vest, with a Corrupt Crew patch on the vest, on about January 20, 2012, arguably represents a Title 18 weapons violation by a HLMC member for which defendant Collins and defendant Gaddy share responsibility. See 10th Circuit Pattern Instructions (2010) §2.21 (person in a conspiracy is responsible for reasonably foreseeable substantive acts of co-conspirators). *See also United States v. Edwards*, 36 F.3d 639, 644 (7th Cir. 1994). *Cf. United States v. Bindley*, 1157 F.3d 1235, 1238(10th Cir. 1998).

3. This case is set for trial on July 30, 2012. This case is set for a non-evidentiary hearing on May 11, 2012, approximately 80 days before the first day of trial. The Court has authority to regulate pretrial discovery in a criminal case. Fed.R.Crim.P. 16(d). The Court's orders pertaining to the regulation of discovery are reviewed on appeal according to an abuse of discretion standard. *United States v. Gonzales*, 164 F,3d 1285, 1291 (10th Cir. 1999).

4. **Bill of Particulars: Motion #378 (Collins) and Motion #338 (Gaddy).** The Government respectfully submits Motion #378 and Motion #338 both spring from the defendant's preference for "fact" pleading rather than "notice" pleading. In summary the defendants complain: "Counts 31 and 32 do not provide any facts much less a plain, concise and definite written statement of the essential facts. It (*sic*) merely contains a regurgitation of the elements of the crimes." (Motion #338 ¶5; Motion #378 ¶5).

5. A motion for a bill of particulars is addressed to the sound discretion of the Court, and the Court's decision will be reviewed according to an abuse of discretion standard. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). A motion which demands detailed discovery of the government's evidence is contrary to the underlying functions of bills of particulars.

6. The government is not required to give details concerning the existence and formation of a conspiracy, *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), *modified*, 801 F.2d 378, 480 U.S. 919 (1987), or to explain the legal theories upon which it intends to rely at trial, *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). A defendant is entitled to know the offense with which he is charged, not all the details of how it will be proved. *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

7. "It is enough that the defendant through discovery learn the basics of the government's conspiracy case without knowing the precise time and place of the acts constituting the alleged conspiracy." *United States v. Ramos*, 839 F.Supp. 781, 786-787 (D.C. Kan.1993). It is not the proper function of a bill of particulars to disclose in detail the evidence upon which the Government will rely at trial. *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987). Additionally, a conspiracy does not normally occur at only one time or place; it often takes shape and is carried out over a period of time, frequently in various locales. *United States v. Hallock*, 941 F.2d 36, 41 (1st Cir. 1991).

8. In *United States v. Dunn*, 841 F.2d 1026 (10th Cir. 1988), the Tenth Circuit held that an indictment which quoted the language of Title 21 U.S.C. § 846, reflecting dates of illegal activity, the place, and specific controlled substance was sufficient. An indictment need not go further and allege in detail the factual proof that will be relied upon to support

the charges. *Dunn*, 841 F.2d at 1029. The defendant is not entitled to know all the evidence the government intends to produce. *Id.* at 1030.

9. A useful discussion of the problems of bills of particulars in conspiracy cases can be found in *United States v. McCarthy*, 292 F.Supp. 937 (S.D.N.Y. 1968):

> The exact dimensions of this conspiracy, like most others, may never be known. Secrecy and concealment are the hallmarks of conspiracy. Granting particulars concerning the formation of the conspiracy, the place and date of each defendant's entrance into the conspiracy, the substance or a copy of the conspiracy agreement, and specifications of the manner in which the conspiracy operated would unduly limit the government's proof at trial. Moreover, if defendants were given the minutiae they seek, the slightest discrepancy between the particulars and the evidence at trial would open the door to defendants' attempts to confuse the jury. Finally, it would be "tantamount to a preview of . . . [the government's] case in advance of trial and compel a disclosure of it's evidence. . "

Id. at 940.

10. The government respectfully submits that to restrict the government's case to a list of details provided in advance of trial would be an unreasonable burden and is not in the best interests of justice. *See United States v. Flom*, 558 F.2d 1179, 1186-87 (5th Cir. 1977)(added level of procedural completely resulting from bill of particulars).

11. The Government respectfully asks the Court to deny the Motions at this time without an evidentiary hearing. The Government respectfully asks the Court to find and conclude that the Motions for a Bill of Particulars, which are addressed to the sound discretion of the Court, are without merit in this case and should be denied. *See United States v. Robinson*, 390 F.3d 853, 867-68 (6th Cir. 2004)(abuse of discretion is the standard on review).

12. **Severance: Motion #379 (Collins) and Motion #337 (Gaddy).** The Government respectfully submits the defendants' motions for severance should be denied. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The defense argument seems to rely in part on the defendant's inability to impeach effectively former co-defendants who may be called as witnesses in the case. Motion #337 ¶5. Mr. Collins dedicates pages to explaining the weight of the evidence against Corey Riley is greater than the weight of evidence against defendant Collins. Defendant Collins advises that at trial defendant Collins "would assert that defendants Riley and Lugo are renegade members clearly engaging in illegal conduct outside the Hells Lovers Motorcycle club without the knowledge of Mr. Collins." Motion #379 ¶ 18. Defendant Collins fails to mention that, as a member of the HLMC National Board of Directors and the "Corrupt Crew," defendant Collins is superior to Corey Riley. A motion for severance is entrusted to the sound discretion of the Court. *United States v. Sarracino*, 340 F.3d 1148, 1165 (10th Cir. 2003). The motions for severance should be denied.

13. **Grand Jury Transcripts.  Motion # 335 (Gaddy)**. Defendant Gaddy, a lifetime member of the HLMC in a culture which honors seniority claims he need the transcripts of grand jury testimony to understand charges concerning the use of marijuana and cocaine at the HLMC clubhouse in Count 31 and Count 32. The Government continues to be concerned by the security situation for any Confidential Human Source (CHS) or cooperating former HLMC member who assisted law enforcement with the investigation of HLMC members for drug and weapons violations. Some die-hard HLMC

members continue to dwell on the identities of the CHS and go to great length to determine who among the HLMC have assisted law enforcement and who can be relied upon to deceive or misdirect law enforcement. To the credit of a number of persons charged in this case, rather than go to great lengths to ferret out the CHS some persons charged have accepted responsibility and understand that, under circumstances where some HLMC members deal in substantial quantities of cocaine or marijuana, or chronically smoke marijuana and carry firearms at the HLMC clubhouse, or chronically possess firearms at the clubhouse while having been previously convicted of a felony offense, it is not surprising that federal authorities will attempt to enforce the laws of the United States and bring such conduct to a halt. The Government respectfully submits that, in part because of the men in HLMC who are accepting responsibility for their actions, some of the CHS witnesses who assisted law enforcement in the underlying investigation probably will not be called as witnesses at trial. Their identities may remain confidential. The defendant is curious to learn, if he can, from the grand jury transcripts, the identities CHS witnesses. The desire of this HLMC lifetime member to determine who among the HLMC cooperated with law enforcement is not a sufficient reason to disclose the grand jury transcripts to the defendant.

14. A party seeking disclosure of matters occurring before a grand jury must demonstrate a particularized need for such materials. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979); *Dennis v. United States*, 384 U.S. 855, 870 (1966); *In re Lynde*, 922 F.2d 1448, 1452 (10th Cir. 1991). The defendant makes no such showing in the present case. "[T]he request must amount to more than a request for authorization to engage in a fishing expedition." *In re Grand Jury 95-1*, 118 F.3d at 1437 (citations

omitted).  The Tenth Circuit has equated a "particularized need" with a "compelling necessity" for the requested disclosure. *In re Special Grand Jury 89-2*, 143 F.3d 565, 569-70 (10th Cir. 1998);  In re *Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997).  See *United States v. Rockwell Int'l Corp.,* 173 F.3d 757, 759 (10th Cir. 1998).

15. **Disclosure of CHS identities and information.**  Defendant Gaddy's motion for disclosure of the confidential informants (Motion #332) and defendant Gaddy's motion to compel disclosure of existence and substance of promises (Motion #333) basically parrot the motions filed by co-defendant Lugo (Motions #251 and #252).  The Government responded to the Lugo Motions at #330.  The Government respectfully asks the Court to take notice of the Government response in #330.  Very briefly put, the Government probably will call one or more CHS witnesses at the trial.  The Government will provide the defense with the material required by *Giglio* and *Brady*: the criminal record of the CHS, the record of payments if any, and notice of benefits such as promises to make sentencing recommendations or charging concessions on behalf of the CHS.  To the extent Motion #332 and Motion #333 asks for more than *Giglio* and *Brady* require, the motions are unduly burdensome and overly broad. Motion #332 and Motion #333 should be denied.

16. **Motion for Disclosure of FRE Rule 404(b), 609, 806 and 807 Evidence (#334).**  Motion #334 blends together a number of issues and includes a few mischaracterizations of procedural facts.  For example, defendant Gaddy states that:

> . . . "five (5) of the charged co-conspirators have filed Notices
> of Disposition.  Typically, in these types of case in this district,
> witnesses who file a Notice of Disposition have more likely

>than not, provided statements and information to the government or will shortly thereafter.  The Court has ordered the government to disclose this information by May 4, 2012."    Motion #334 ¶ 11.

17.  Defendant Gaddy is wrong when he says the Court has ordered the disclosure of proffers provided by persons who have entered dispositions by "May 4, 2012." Proffers are classical Jencks Act material and in a case like the present one, involving a large militant organization, proffers are sensitive and careful consideration is given to the timing of their release.   It would be a very unusual situation where the Government would agree to release proffers,  even the proffers of persons the Government intends to call as witnesses, more than 80 days before the start of trial.

18.  To the extent Motion #334 asks the Government to provide notice of intent to impeach a witness pursuant to Rule 608 or Rule 609, the Government has no objection to providing such notice as to defendant Gaddy.  Because Motion #334 blends several issues together and includes inaccuracies, the Government respectfully asks that the Court use precise, limited language if the Court is inclined to grant some relief based on Motion #334.

19.  **Defendant, Gaddy's Motion to Suppress Evidence and Statements and Warrant (*sic*), Motion #336**.  Defendant Gaddy's Motion #336 fails to state a claim upon which relief can be granted.   The defendant fails to identify a location which was searched pursuant to warrant although the pretrial disclosures inform him of the addresses searched. The defendant fails to describe any post-arrest statement he asks the Court to suppress, although any defendant who has debriefed or otherwise made a post arrest statement with

advice of counsel would understand that he is subject to impeachment at trial if his testimony at trial contradicts his post arrest statement.  Motion #336 should be denied.

Respectfully submitted this 27th day of April 2012.

        JOHN F. WALSH
        United States Attorney

By:   *s/Guy Till*
        GUY TILL
        Assistant United States Attorney
        1225 17th Street, Suite 700
        Denver, CO. 80202
        Telephone (303) 454-0207
        Fax (303) 454-0401
        Guy.Till@usdoj.gov
        Attorney for Government

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENSE MOTIONS FILED BY DEFENDANTS COLLINS AND GADDY (#333, #334, #335, #336, #337, #338, #377, #378 and #379)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: s/ Diana Brown
DIANA BROWN
Legal Assistant
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
E-mail: Diana.Brown@usdoj.gov

11