IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

    Defendants.

---

**DEFENDANT, GADDY'S SUPPLEMENTAL RESPONSE TO GOVERNMENT'S INTRODUCTION TO *JAMES* PROFFER (DOCKET #317)**

---

**COMES NOW**, the Defendant, George M. Gaddy, by and through his Court-appointed attorney, Jeffrey R. Edelman ("Edelman"), of Jeffrey R. Edelman, P.C., and hereby files his supplemental response to the Government's Introduction to *James* Proffer (Docket #317), and as grounds therefore, states and alleges as follows:

1.     The government filed its Introduction to *James* Proffer (#317) on or about June 4, 2012 (Docket #460).  The Defendant filed his Response to Government's Introduction to *James* Proffer on or about June 4, 2012 (Docket #466).  The government attempted to include this Defendant's objections, but it was incomplete.

2.     The First Superceding Indictment (Docket #180) was filed on or about February 6, 2012.  Currently, there are five (5) Defendants remaining:  Gregory A. Collins (3), George A. Gaddy (4), Eric Lugo (8), Corey L. Riley (13), and Thomas A. Schrah, Jr. (14).  There are two (2) conspiracies charged in Counts 27 and 31.  The government seems to claim four (4) additional conspiracies.  There is also a conspiracy to possess firearms pursuant to 21 U.S.C. §§ 846 & 841(a) & (b)91)(A), (B), (C) & (D), ¶B, page 2 of the government's Introduction to *James* Proffer (Docket #460, pg. 2 of 18);  a conspiracy to violate 21 U.S.C. § 846 & 841(a)(1) and (b)(1)(A), (B), (C), & (D), a drug trafficking conspiracy, ¶C of the government's Introduction to *James* Proffer (Docket #460, pg. 2 of 18); and a conspiracy to have a felon possess a firearm pursuant to 18 U.S.C. § 371), ¶D, page 3 of the government's Introduction to *James* Proffer (Docket #460, pg. 3 of 18).   Defendant Riley is charged with two (2) conspiracies; a conspiracy to distribute more than five (5) kilograms of cocaine in Count 27 of the Superceding Indictment and in Count 31 with four (4) of the remaining Defendants (exclusive of Lugo (8)), conspiracy to maintain a drug-related premises; Count 11 charges Mr. Riley with maintaining a drug involved premises in between April 22, 2010 and July 30, 2011 at 2331 Pontiac Street, Denver, Colorado, a conspiracy to maintain a drug involved premises in Count 31, and in Count 32, using and maintaining a drug-involved premises and aiding and abetting between February 5, 2007 and January 20, 2012 at the Hell's

Lovers Motorcycle Club. Defendant Riley is also charged in about 16 other counts related to drug trafficking and firearm counts.

3. Defendant, Lugo is charged in Counts 6 and 7 of the Superceding Indictment with possession of cocaine and in Count 32, using and maintaining a drug-involved premises. Defendant, Lugo is not charged with a conspiracy to maintain a drug involved premises set forth in Count 31.

4. The remaining Defendants, George Gaddy, Gregory Collins, Corey Riley and Thomas Schrah, Jr. are charged in Count 31, conspiracy to maintain a drug involved premises, and using and maintaining a drug involved premises in Count 32. It is unclear which of the proffers are to be offered against which Defendant.

5. Additionally, approximately 190 of the proposed *James* proffers are to be used apparently against Defendant, Riley, purportedly for the two (2) conspiracies that he has been charged with. There are at least two (2) proffered statements, 29 and 33, to be offered against Defendant Lugo, who is not charged with any conspiracy. Statements 29 and 33 appear to be direct evidence from confidential informant 58 and does not qualify under F.R.E. Rule 801(d)(2)(E).

6. Upon the best recollection of Mr. Gaddy, the Court ordered that the purported *James* proffers be specific and not general or vague in nature. Substantially all of the offered statements set forth as purported *James* proffers are general in nature and at times refer the Defendants to certain pages of discovery. Several of the pages of discovery are also general in nature and just summaries.

7. Some of the recordings, at least to this Defendant, are unintelligible. The Court may wish to require the government to specifically set forth each statement

verbatim as well as requiring the government to point to the exact page of the discovery and/or the recording and the Court determine whether or not the statements are admissible. They are all subject to F.R.E. Rule 801(d)(2)(E) and F.R.E. Rules 104, 401 and 403 analysis. (The Defendant is offering this information at this time, if the Court chooses to hold a *James* hearing, given the identities of the remaining Defendants, the failure to identify some or all of the confidential informants who are referred to in the *"James"* proffer, and to determine the admissibility of other evidence in order to avoid delay during trial. This determination may be time consuming and cause a delay if conducted during trial of some or all of the remaining Defendants.)

8. The Defendant's *James* proffer does not differentiate between the two (2) conspiracies. It is not certain which statement is being used to prove Count 27 against Mr. Riley and which statement or statements are being offered to prove the existence of a conspiracy against the remaining Defendants individually and/or grouped together in different combinations of involvement in Count 31.

9. This may be the appropriate time for the Court to consider the several motions to sever (Docket #337 by Defendant, Gaddy; Docket #379 by Defendant, Collins; and Docket #400 by Defendant, Riley) that had been deferred by Court order on May 21, 2012 (Docket #443). This Defendant agrees with the government's statement in ¶13 of its Introduction to *James* Proffer (Docket #460, pg. 8 of 18) wherein the government claims that:

> "Mere presence. Although "mere presence" standing by itself may not be sufficient to show membership in a conspiracy beyond a reasonable doubt, presence at the scene of a crime or close association with others involved in a criminal offense are factors which a jury, and the Court, may

>consider as circumstantial proof of membership, along with other evidence. *United States v. Savaiano,* 843 F.2d 1280 (10th Cir. 1988)."

10. The burden is upon the government to show by a preponderance of the evidence that there was a conspiracy and that the Defendant voluntarily entered the conspiracy. There are six (6) conspiracies claimed in the government's Introduction to *James* Proffer and only two (2) charged.

11. The government's Introduction to *James* Proffer (Docket #460), claims that there are three (3) discernible conspiracies, the Defendant can only find two (2).

12. On page 2 of 18 of Docket #460, ¶ C in support of its conspiracy count and drug trafficking conspiracy only claims in general terms that Defendant, George Gaddy agreed to distribute a quantity of cocaine and marijuana.

13. Defendant, Gaddy claims that there is no evidence to support his entry into the participation into the conspiracy.

14. The HLMC Clubhouse was also used a social gathering for members and former members of the club; it was used to play dominos by some as a social gathering place and as a place for some to smoke marijuana lawfully under Constitutional Amendment 20 of the Colorado Constitution. While the Defendant recognizes that lawful consumption of marijuana pursuant to the regulations promulgated by the State of Colorado pursuant to the aforementioned Colorado Constitutional Amendment, it may not excuse Defendant, Gaddy from consuming marijuana under Federal statutes.

15. The Defendant believes that the current government submission or introduction of its *James* proffers be the subject to further evidentiary hearing as to each proffer and the identity which conspiracy count and which Defendant the proffer is being

offered. In addition, the Defendant request that the Court consider the several Defendant's motions to sever.

16. The following statements are attributable to the following:

    **a.** **Defendant, Corey Riley:** Statements 11, 13, 24, 35, 36, 52, 53, 54, 56, 58, 63 – 80, 105, 106 (there are 119 of 190 statements), 133, 134, 136, 138, 139, 140, 141, 143, 165, 174, 176;

    **b.** **Defendant, Lugo:** Statements 51 and 55;

    **c.** **HLMC Members** (all of the remaining Defendants in the conspiracy are alleged to have been HLMC Members): Statements 94; 135, 145;

    **d.** **Defendant, Gaddy:** Event statement 123 is partially attributable to Defendant, Gaddy, which is an unintelligible audio recording; Event statement 166.

**WHEREFORE,** the Defendant, George Gaddy, requests the relief requested herein.

Respectfully submitted this 6th day of June, 2012.

          **JEFFREY R. EDELMAN, P.C.**

          s/ Jeffrey R. Edelman
          _____
          Jeffrey R. Edelman, # 7413
          19201 East Mainstreet, Suite 203
          Parker, Colorado  80134
          [720] 851-8440
          [720] 851-5874 [fax]
          Email:  jredel@earthlink.net
          *Attorney for Defendant, Gaddy (4)*

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that true and correct copies of the foregoing instrument were filed with the Clerk of the Court and served electronically via ECF, on this 6th day of June, 2012, and addressed to the following:

Guy Till, Esq.
Assistant United States Attorney
1225 – 17th Street East
Seventeenth Street Plaza, Suite 700
Denver, Colorado  80202
Email:  guy.till@usdoj.gov

Miller M. Leonard, Esq.
Miller Leonard, P.C.
1767 Denver West Boulevard, Suite A
Golden, Colorado  80401
Email:
miller@themillerleonardlawfirm.com
*Attorney for Defendant, Johnson (6)*

Edward R. Harris, Esq.
Office of the Federal Public Defender
633 – 17th Street, Suite 1000
Denver, Colorado  80202
Email:  Edward_Harris@fd.org
*Attorney for Defendant, Askew (1)*

Joseph Saint-Veltri, Esq.
900 Logan Street
Denver, Colorado  80203
Email:  jsvlawoffice@gmail.com
*Attorney for Defendant, Khamsahu (7)*

John H. Schlie, Esq.
Law Office of John Henry Schlie, P.C.
7100 East Belleview Avenue, #G-11
Greenwood Village, Colorado  80111
Email:  johnhenry@schlielawfirm.com
*Attorney for Defendant, Bullock (2)*

Dennis W. Hartley, Esq.
Dennis W. Hartley, P.C.
1749 South 8th Street, Suite 5
Colorado Springs, Colorado  80905
Email:  Julia@hartleyslaw.com
*Attorney for Defendant, Lugo (8)*

R. Scott Reisch, Esq.
Reisch Law Firm, LLC.
1490 West 121st Avenue, Suite 202
Denver, Colorado  80234
Email:  rscottreisch@att.net
*Attorney for Defendant, Collins (3)*

Thomas J. Hammond, Esq.
Thomas J. Hammond, P.C.
955 Bannock Street, Suite 200
Denver, Colorado  80204
Email:  hammondlaw@solucian.com
*Attorney for Defendant, Martin (9)*

Scott Jurdem, Esq.
Jurdem, LLC
820 Pearl Street, Suite H
Boulder, Colorado  80302
Email:  sj@jurdem.com
*Attorney for Defendant, Gardner (5)*

Normando R. Pacheco, Esq.
2371 Locust
Denver, Colorado  80207
Email:  joannasweetpea6@aol.com
*Attorney for Defendant, Myers (10)*

Charles W. Elliott, Esq.
The Law Office of Charles W. Elliott
1801 Broadway, Suite 1100
Denver, Colorado  80202
Email:  CWEMDEDME@aol.com
*Attorney for Defendant, Parker (11)*

Darren R. Cantor, Esq.
Darren R. Cantor, P.C.
1127 Auraria Parkway, Suite 201-B
Denver, Colorado  80204
Email:  Darren@cantorlaw.com
*Attorney for Defendant, Calvin Riley (12)*

Ariel Z. Benjamin, Esq.
Harvey A. Steinberg, Esq.
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, Colorado  80202-4920
Email:
abenjamin@springersteinberg.com
law@springersteinberg.com
*Attorneys for Defendant, Corey Riley (13)*

Thomas D. Edstrom, Esq.
Eric M. Lee, Esq.
Douglas L. Romero, Esq.
Law Office of Douglas L. Romero, LLC
200 S. Sheridan Boulevard, Suite 150
Denver, Colorado  80226-8006
Emails:
timedstrom@coloradochristiandefensecounsel.com
ericlee@coloradochristiandefensecounsel.com
dougromero@coloradochristiandefensecounsel.com
*Attorneys for Defendant, Schrah (14)*

Jonathan S. Willett, Esq.
The Law Offices of Jonathan S. Willett
1331 – 17th Street, Suite 608
Denver, Colorado  80202
Email:  jwillett@willettlaw.net
*Attorney for Defendant, Switzer (15)*

Ronald J. Hahn, Esq.
Law Offices of Ronald Hahn
333 West Hampden Avenue, Suite 415
Englewood, Colorado  80110
Email:  rhahn3667@hotmail.com
*Attorney for Defendant, Wright*

*s/Julie M. Mesaros*

Julie M. Mesaros, Paralegal