IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. **GEORGE A. GADDY,**
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

       Defendants.

**GOVERNMENT'S RESPONSE TO DEFENDANT GADDY'S
OBJECTION (# 465) TO THE GOVERNMENT'S
F.R.E. RULE 702 SUBMISSION AS TO THE ANALYSIS OF
CONTROLLED SUBSTANCES (#437) AND DEFENDANT GADDY'S
F.R.E RULE 702 SUMMARY DISCLOSURE PURSUANT TO COURT'S
ORDER OF MARCH 15, 2012 (#463)**

The United States of America, by United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney (Government), hereby respectfully provides this Government's Response to Defendant Gaddy's Objection (#465) to the Government's F.R.E. Rule 702 Submission as to the Analysis of Controlled Substances

(#437)(Objecton, #465) and Defendant Gaddy's F.R.E. Rule 702 Summary Disclosure Pursuant to Court's Order of March 15, 2012 (Summary, # 463). The Government states and represents to the Court as follows:

    1. the Government respectfully submits the defendant's Objection (#465) and the Defendant's Summary (#463) both miss the mark and are out of time, as they ostensibly address the Government's Rule 702 Disclosure (#437).  On May 21, 2012, (Transcript pp. 25-27) the Court ruled on the Government's Rule 702 Disclosure (#437).  No defendant provided the Government or the Court with any written objections to the Government Rule 702 Disclosure on or before May 21, 2012.  The Government provided the Rule 702 Disclosure (#437) to the defense on April 20, 2012, and the Government filed the disclosure with the Court on May 18, 2012, in anticipation of the hearing on May 21, 2012. Related discovery materials, such as available work papers or bench notes were disclosed in March and April 2012.  The first written objection to the Government's Rule 702 Disclosure is the Objection (#465) dated June 4, 2012.  The Objection (#465) does not set forth specific points of difference with respect to the Government's Rule 702 Disclosures. The Objection merely represents a blanket request for a hearing of undetermined scope for the purpose of "Determining the admissibility of the government's proffered opinions of the four (4) disclosed chemists." (#465, ¶ 7).  The Government respectfully submits the Defendant's Objection (#465) does not represent an authentic request for the kind of gate-keeping determination contemplated by Rule 702 and Fed.R.Crim.P. 16 to evaluate the scientific methodology employed by the chemists.  The Objection frames no specific issues.  The Defendant's Objection (#465) is functionally an untimely request to take depositions of the Government's expert witnesses in advance of the trial and in the

presence of the Court. The Government respectfully submits the defense Objection (#465) is out of time and lacking in foundation.

2.  The Government's understanding is that the Court did permit Mr. Gaddy an extension of time to provide his Rule 702 disclosures, if any. (May 21, 2012, Transcript p. 27, referring to #423). The Defendant's Summary (#463) may be termed a defense disclosure, but the Defendant did not pass the disclosure to the Government to generate a joint disclosure in accordance with the Government's understanding of the Courtroom Minutes dated March 15, 2012 (#317). The Summary does not present any expert's opinions and conclusions and provide the basis and methodology for those conclusions. The Summary is, at best, inconclusive.

3.  The Defendant's Summary (#463), if termed a disclosure, is deficient or lacking in relevance in several respects. First, the Government does not acknowledge relevance of the defense expert's the field of expertise or the ostensible qualifications of the defense expert. Second, the gravamen of the Summary (#463) and its attachment appear to go to the appraisal of a forensic laboratory in general rather than the specific qualifications of the particular chemist and the specific scientific methodology employed by that chemist. Third, the requested "quality assessment" candidly states the desired critique of the forensic laboratories will not be feasible without extensive discovery of procedures and protocols of the laboratories. Because the project of forensic laboratory "quality assessment" is off track and inconsistent with the terms and purposes of Rule 16, the law does not provide the extent and scope of discovery Defendant Gaddy wants.

4.  Federal Rule of Criminal Procedure 16 describes the information defendants can expect from the Government in this case. Of the seven paragraphs in Rule 16, the

Government's discovery obligations in this case are defined by two. The first is Rule 16(a)(1)(F), which states, in relevant part, that "[u]pon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any . . . scientific test or experiment if: (I) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial."

5. The second is Rule 16(a)(1)(G), which states, in relevant part, that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

6. In compliance with these two rules, DEA laboratories, for example, routinely disclose the following items to Federal prosecutors: (1) DEA-7 *Report of Drug Property Collected, Purchased or Seized*; (2) DEA-86 *Forensic Chemist Worksheet* (front and back); (3) any spectra or chromatography generated during the laboratory's analysis; and (4) the Government expert's summary of testimony and curriculum vitae.

7. The defense also has a right, under Rule 16(a)(1)(E), "to inspect . . . tangible objects . . . if the item is within the government's possession, custody, or control and: (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." The authority to "inspect" includes the right to an independent weighing, and analysis. *See*

*United States v. Butler,* 988 F.2d 537, 543 (5th Cir. 1993)("[W]e agree that the court erred in refusing to grant appellant's motion to test a sample of the substance"); *United States v. Rolande-Gabriel*, 938 F.2d 1231, 1238 (11th Cir. 1991)("A defendant in a drug prosecution has a right to have an expert of his choosing perform an independent analysis on the seized substance").  In addition to being able to review the reports generated by the Government's chemist, and the spectra and chromatographs the Government expert used to support his identification, the defendants can also perform their own tests.

8.  The defendant who therefore fully exercises his rights under Rule 16 should have no doubt about the accuracy of the Government expert's reports.  These rights notwithstanding, the defendants prefer to ignore Rule 16, and write their own discovery rules, to obtain information which will at best evolve into a dispute whether the defense expert would conduct tests the way the Government did.  But, the issue is not whether the defense expert would use the same procedures adopted by the DEA. [1]

9.  Rule 16 focuses on "tests and results."  If the defendants doubts the accuracy of the Government's results, their true remedy is to retest the substance.  The United States does not dispute that defendants have a right to challenge the Government's analytical results.  Our view is that they sometimes choose the wrong method, perhaps

---

[1] The ability of DEA laboratories to accurately report analytical results has been recognized. *See Belton v. United States*, 580 A.2d 1289, 1293 (D.C. App. 1990)("we observed that the chemists who conduct such analyses do so routinely and generally do not have an interest in the outcome of trials, that they are under a duty to make accurate reports, and that it is difficult to perceive any motive or opportunity for the chemists to falsify their reports.  We therefore concluded that certified Drug Enforcement Agency chemists reports are sufficiently trustworthy to satisfy the purpose of the Confrontation Clause, and that admission of those reports in lieu of the chemist's testimony was constitutionally permissible.")(*internal citations and quotations omitted*).

5

because they know that since the results are accurate, their sole remaining course is to challenge the Government's procedures.  However, the Rules do not allow such random inquiries.  Rule 16(a)(1)(E) allows the defendant to "inspect . . . tangible objects," and that inspection includes the ability to have the drugs tested by their own experts.  Further, there is nothing which states that a defendant is entitled to obtain the Government's internal procedures which describe how tests are to be performed, or how laboratories are operated.  In fact, Rule 16(a)(2) states that Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government *or other government agent* in connection with investigating or prosecuting the case." (*Emphasis added*).  *Cf United States v. Scharf*, 558 F.2d 498 (8th Cir. 1977)(summary of exhibits introduced at trial exempt); *United States v. Amlani*, 111 F.3d 705 (9th Cir. 1997)(internal FBI logs which tracked items seized, exhibits and their storage, exempt).

      10.   In *United States v. Wilkerson*, the defendant filed a motion which sought disclosure of a host of information from the Government on its laboratory, including:

> Complete technical procedures relating to all tests conducted on the specimen(s) including but not limited to tests used to determine the presence and concentration and form of drugs or chemicals used to prepare or process drugs.  The description of these procedures should include copies of all laboratory procedures utilized in the testing of these specimen(s) including scientific equipment, preparation and verification of chemical or test reagents, step-by-step description or instruction of the testing process, examples of test data produced or obtained by test analysis, criteria for the review of test data, quality assurance and standardization relating to test analysis, as well as a copy of the test analysis data including instrument tracings and computer output obtained from the testing of the specimen(s), standards, control, and blank samples.

189 F.R.D. 14, 15 (D. Mass. 1999).

11. In ruling on the defendant's request for the internal laboratory procedures, *Wilkerson* court said the materials were neither discoverable as "results or reports," nor under Rule 16(a)(2). The defendant there insisted that his materiality claim trumped Rule 16(a)(2), but the court disagreed. "Rule 16(a)(2) acts as a prohibition against compelled discovery of 'reports, memoranda, or other internal government documents' even if they could initially be categorized as 'material to the preparation of the defendant's defense' as that term is used in Rule 16(a)(1)(C)." *Id.* at 16. The court in *Wilkinson* did, however, order the Government to provide a summary of its expert's testimony, and that is precisely what the United States will do here.

12. Indeed, Rule 16(a)(2) states that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." *See United States v. Orzechowski*, 547 F.2d 978, 984 (7th Cir. 1976)(denying request for internal DEA documents on cocaine isomers as exempt under Rule 16(a)(2) and holding "[n]one of these allegedly exculpatory memoranda were concerned specifically with the appellant's prosecution; none were used by attorneys for the Government preparing for or trying the case; and none contained the statements of any witness who testified"); *United States v. Allen*, No. 93 CR 564, 1993 U.S. Dist. LEXIS 14987, *8 (N.D. Ill. Oct. 20, 1993)("[Defense sought] any and all interdepartmental reports of the government viewed or examined by a witness offering his opinion. The Defendants' access to those materials is specifically restricted by Rule 16(a)(2) which bars discovery of 'internal government documents' prepared in connection with the investigation. Those materials are not discoverable").

13. Rule 16(a)(1)(F) does not require the Government to allow the defense access to its internal policies, procedures and protocols. The case law is clear that such internal Government documents do not constitute "results or reports." *See United States v. Price*, 75 F.3d 1440 (10th Cir. 1996)(denying Rule 16 motion for internal lab procedures as beyond its scope). In *Price*, the Tenth Circuit stated, "The language is clear on its face. It requires the prosecution to turn over 'results or reports' of scientific tests. The record shows the prosecution turned over . . . all reports and test results . . . . The government therefore complied with 16(a)(1)(D), and the court did not abuse its discretion in refusing to permit additional discovery relating to laboratory processes under that part of Rule 16." *Id*. at 1445 (*internal citations omitted*). *See also United States v. Iglesias*, 881 F.2d 1519, 1521 (9th Cir. 1989), *cert. denied*, 493 U.S. 1088 (1990) (denying Rule 16 motion for "all documents associated with any scientific analysis of any controlled substance seized or otherwise obtained in the course of any investigation leading to or otherwise associated with the prosecution of this case"). Like these defendants' requests, the request in *Iglesias* included "records memorializing the storage and transportation of any such substance from the time of seizure or acquisition and thereafter up to and including the trial in this matter." The Court also denied such requests as beyond the scope of Rule 16. *See also United States v. Berry*, 670 F.2d 583 (5th Cir. 1982)(denying request for DEA laboratory manual as irrelevant); *Wolford v. United States*, 401 F.2d 331 (10th Cir. 1968)(denying request for step-by-step testing procedures). If the defendants doubt the accuracy of the Government's results, as articulated above, their remedy is to have the disputed exhibit tested by their own experts.

      14. Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government to:

> permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

However, a request for forensic laboratory protocols, records and internal procedures would have to be considered in light of the Supreme Court's view in *United States v. Armstrong*, of what constitutes "material" under Rule 16, 517 U.S. 456, 462 (1996)("[W]e conclude that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief. While it might be argued that . . . the concept of a 'defense' includes any claim that is a 'sword,' challenging the prosecution's conduct of the case, the term may encompass only the narrower class of 'shield' claims, which refute the Government's arguments that the defendant committed the crime charged"). And under that view, since the Government's laboratory procedures, protocols, etc., have no value in gauging the defendant's guilt or innocence, they cannot be "material," as the term is used in Rule 16(a)(1)(E).

      15. In order for a defendant to succeed in a request for materials pursuant to Rule 16(a), a defendant must make a *prima facie* showing of materiality as to the document or items he or she requests. *United States v. Thompson*, 944 F.2d 1331, 1341 (7th Cir. 1991); *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990); *United States v. Ross*, 511 F.2d 757, 762-63 (5th Cir. 1975). To make such a showing, "a defendant cannot rely on general descriptions or conclusory arguments, but must convincingly explain

9

how specific documents will significantly help him uncover admissible evidence, prepare witnesses, or corroborate, impeach, or rebut testimony." *United States v. Caputo*, 373 F. Supp. 2d 789, 794 (N.D. Ill. 2005) (citing cases from various Courts of Appeal); *see also United States v. Ashby*, 864 F.2d 690, 693 (10th Cir. 1988) (holding that conclusory statements were insufficient to support motion for handwriting exemplars).

16. Materiality under Rule 16 requires more than bare relevance. To show materiality under Rule 16, "There must be some indication that the pretrial disclosure of the disputed evidence would enable the defendant significantly to alter the quantum of proof in his favor." *U.S. v. Lloyd*, 992 F.2d 348, 351 (D.C.Cir.1993). "Evidence is material as long as there is strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id*. The United States contends that the defendant has not established how his broad requests are relevant or material in this case.

17. The defendant's Objection (#465) and Summary (#463) attempt to set the stage for an excursion into the general efficacy of several forensic laboratories – a task that cannot be undertaken under color of the Rule 16. The United States Supreme Court has established two bright-line rules for criminal discovery: 1) "the Constitution does not require the prosecutor to share all useful information with the defendant" *United States v. Ruiz*, 536 U.S. 622, 629 (2002); and 2) "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one," *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997). The defendant has failed to set forth any basis, beyond mere speculation, for any claim that laboratory procedures, equipment or maintenance were flawed in this case; he

has failed to make any showing as to the materiality of any requests into the operations of the laboratories involved; and he has failed to cite any legal authority permitting discovery apparently contemplated.

18.   Nothing Defendant Gaddy has submitted specifically and substantially contradicts the Government's detailed proffer. (#437).   Wherefor, the Government respectfully asks the Court to deny the defendant's untimely and ungrounded June 4, 2012, request for a Rule 702 hearing "to determine the admissibility of the government's proffered opinions of the four (4) disclosed chemists." (Objection, #465 ¶ 7).

Respectfully submitted this 11th day of June 2012.

JOHN F. WALSH
UNITED STATES ATTORNEY

By:   *s/ Guy Till*
GUY TILL
Assistant U.S. Attorney
United States Attorney's Office
1225 17th St., # 700
Denver, Colorado 80203
Telephone:  303-454-0100
Facsimile:  303-454-0409
E:mail:  Guy.Till@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT GADDY'S OBJECTION (# 465) TO THE GOVERNMENT'S F.R.E. RULE 702 SUBMISSION AS TO THE ANALYSIS OF CONTROLLED SUBSTANCES (#437) AND DEFENDANT GADDY'S F.R.E RULE 702 SUMMARY DISCLOSURE PURSUANT TO COURT'S ORDER OF MARCH 15, 2012 (#463)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: s/ *Lisa Vargas*
LISA VARGAS
Legal Assistant
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
E-mail: Lisa.Vargas@usdoj.gov