IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

    Defendants.

---

**DEFENDANT GADDY'S AND GOVERNMENT'S JOINT MOTION PURSUANT TO F.R.E. RULE 702**

---

**COMES NOW**, the Defendant, George M. Gaddy, by and through his Court-appointed attorney, Jeffrey R. Edelman ("Edelman"), of Jeffrey R. Edelman, P.C. and the United States of America by United States Attorney John F. Walsh, through Assistant

United States Attorney Guy Till,[1] and hereby provides this Joint Motion Pursuant the Court's directions as to F.R.E. Rule 702, and as grounds therefore, states and alleges as follows:

**Opinion 1:**

The government's chemist's, Stephen Sassetti, forensic chemist of the Denver Police Department, opinion that several items contained 6.399 grams to 28.167 grams of cocaine HC1 and cocaine base.[2]

**Objection to Opinion 1:**

The Defendant claims that the expert, Stephen Sassetti lacks sufficient qualifications, i.e., skill, training, knowledge or expertise; that the expert did not obtain sufficient facts or data; that the expert did not use reliable principles or methodologies; and the expert did not reliably apply the principles or methodologies to the facts and data obtained  because the government failed to disclose sufficient information for the Defendant to know whether or not the chemist, the laboratory and the equipment were

---

[1] The Government's view of the case differs substantially from Mr. Gaddy's view. The Government participates in the preparation of this Joint Motion with substantial reservations. The Government will attempt to articulate respectfully the Government's concerns and objections for the parties and the Court. The Government respectfully submits Mr. Gaddy's request for lengthy pretrial hearings under color of Rule 702 should be denied.

[2] Mr. Gaddy's challenge at this late date raises no point, as far as the Government can tell, he could not have raised on April 21, 2012. The Government objects to the way Mr. Gaddy blends together the various reports of which he has been informed through pretrial disclosure and which were summarized for him on or about April 21, 2012, and which were listed and filed with the Court in DOC #437-1, on May 18, 2012. Mr. Gaddy's presentation invites confusion. The Government further questions what nexus Mr. Gaddy has to some of the findings he ostensibly desires to litigate before the Court. Does Mr. Gaddy contend, for example, he has some nexus to the 28.167 grams of crack cocaine sold by Mr. Askew and charged in Count One of the Indictment, DOC # 1?

and whether or not the chemist had the proficiency qualifications, that the equipment was calibrated for proficiency and that the laboratory adopted the appropriate standards.[3]

**Opinion 2:**

The government's chemist's, Roehl Cinco, forensic chemist of the Drug Enforcement Administration ("DEA") Western Regional Laboratory, opinion that several items contained 15.0% 39.2%, with a net weight of .41 grams, .16 grams actual to 55.8 grams, 13.8 grams actual of cocaine hydrochloride.[4]

**Objection to Opinion 2:**

The Defendant claims that the expert, Roehl Cinco lacks sufficient qualifications, i.e., skill, training, knowledge or expertise; that the expert did not obtain sufficient facts or data; that the expert did not use reliable principles or methodologies; and the expert did not reliably apply the principles or methodologies to the facts and data obtained because the government failed to disclose sufficient information for the Defendant to know whether or not the chemist, the laboratory and the equipment were  and whether or

---

[3] The Government objects to Mr. Gaddy's laundry list of ostensible objections. None of the "objections," in the Government's view, is an authentic *Daubert* objection. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), provides trial courts serve as a "gatekeeper" with respect to expert testimony under Federal Rule of Evidence 702. "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset … whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Id*. at 592. While a pretrial *Daubert* hearing is generally appropriate for challenging the admissibility of an expert witness's *methodology*, there is significant support for the proposition that  the specific *practices* and *procedures* of a lab or expert (e.g., the handling of materials, the cleanliness of the lab, etc.) usually should be attacked during cross-examination at trial, and not during a pretrial <u>*Daubert*</u> hearing.

[4] Mr. Gaddy ignores the detailed and specific summary provided to him on April 21, 2012 and filed with the Court on May 18, 2012, DOC # 437-1;  Mr. Gaddy blends seven distinct reports into what he calls "several" opinions.  Mr. Gaddy's presentation is arbitrary and confusing.   Rather than construing Mr. Gaddy's motion to transform the "several" opinions into seven opinions, the Court should deny Mr. Gaddy's motion as presented.

not the chemist had the proficiency qualifications, that the equipment was calibrated for proficiency and that the laboratory adopted the appropriate standards.[5]

**Opinion 3:**

The government's chemist's, Minh Nguyen, forensic chemist of the DEA Western Regional Laboratory, opinion that several items contained 23.3% to 78.1%, with a net

---

[5] Mr. Gaddy's laundry list does not articulate an authentic challenge to the scientific methodology used by the chemist. Mr. Gaddy's objective is to use a substantial amount of the Court's time for matters that are not truly at issue. At best, Mr. Gaddy's request is a vehicle for extensive discovery by a functional deposition taken in the presence of the Court. The Government respectfully submits that the district court is given a significant amount of discretion in how to go about fulfilling its responsibilities as a "gatekeeper" for the admission of expert evidence. The Supreme Court has noted that "as the Court stated in *Daubert,* the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141-42 (1999). The Tenth Circuit made a similar point in *United States v. Turner*, 285 F.3d 909 (10th Cir. 2002):

> *Daubert* challenges, like other preliminary questions of admissibility, are governed by Fed.R.Evid.104. The district court has no discretion regarding the actual *performance* of the gatekeeper function. However, the district court possesses latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability. The most common method for fulfilling [the gatekeeper function] is a *Daubert* hearing, although such a process is not specifically mandated.

*Id*. at 913 (citations and internal quotations omitted). The Tenth Circuit endorsed such an exercise of discretion in *United States v. Davis*, 40 F.3d 1069 (10th Cir. 1994), when it approved of the decision of a district court to determine before a jury whether the appropriate procedures had been followed with respect to the handling of DNA evidence:

> At trial, the government produced Agent Lynch to testify regarding the procedures the government used in preparing the profiles. Agent Lynch testified as to how the technicians prepared the samples and how the samples were tested. The district court also conducted a lengthy hearing on the DNA evidence before the jury and without objection from defense counsel. . . The district court thus had the opportunity to determine whether protocol was followed before Agent Lynch testified that the samples matched Mr. Reed and Mr. Davis and explained her statistical calculations. The district court thus conducted the functional equivalent of a preliminary hearing.

*Id*. at 1075 (citation omitted).

weight of 7.1 grams, 4.4 grams actual to 344.9 grams, 225.9 grams actual of cocaine hydrochloride.[6]

**Objection to Opinion 3:**

The Defendant claims that the expert, Minh Nguyen lacks sufficient qualifications, i.e., skill, training, knowledge or expertise; that the expert did not obtain sufficient facts or data; that the expert did not use reliable principles or methodologies; and the expert did not reliably apply the principles or methodologies to the facts and data obtained   because the government failed to disclose sufficient information for the Defendant to know whether or not the chemist, the laboratory and the equipment were and whether or not the chemist had the proficiency qualifications, that the equipment was calibrated for proficiency and that the laboratory adopted the appropriate standards.[7]

---

[6] Mr. Gaddy incorrectly describes 23 reported opinions as an ". . .opinion that several items contained 23.3% to 78.1%, with a net weight of 7.1 grams, 4.4 grams actual to 344.9 grams, 225.9 grams actual of cocaine hydrochloride."  Mr. Gaddy's presentation is arbitrary and confusing.  Mr. Gaddy's motion should be denied.

[7] The Government respectfully asserts *Daubert* hearings are meant, in part, to serve as a way to challenge the *basic methodology* of an expert witnesses; a challenge seeking to merely diminish the *weight* of expert evidence (i.e., arguments that point out "laboratory error") should be made at trial, during cross-examination.  In *United States v. Beasley*, 102 F.3d 1440 (8th Cir. 1996), the Eighth Circuit summarized the issue as it applied its reasoning to the facts before it:

> Beasley's main attack upon the District Court's denial of his motion to exclude the DNA evidence is that … testing requires special precautions that the … lab did not observe: (1) frequent external proficiency testing of personnel who perform DNA testing; (2) double blind external tests to check results and to show that proper procedures are being followed; and (3) maintaining records of errors in … testing. We agree with the District Court that these alleged deficiencies … go to the weight of the DNA evidence, not to its admissibility. As we said in *Martinez*, "[A]n allegation of failure to properly apply a scientific principle should provide the basis for exclusion of an expert opinion only if 'a reliable methodology was so altered … as to skew the methodology itself.'"

*Id*. at 1448.  The Tenth Circuit declined to reverse the similar conclusion of a district court in *United States v. Nichols*, 169 F.3d 1255 (10th Cir. 1999):

> The trial court in this case did not abuse its discretion when it declined to hold a preliminary evidentiary hearing. The district court explained its decision by noting that "[t]he challenged evidence does not involve any new scientific theory and the testing methodologies are neither new nor novel…. [T]he testing methodologies employed …

**Opinion 4:**

The government's chemist, Christine Risen, forensic chemist of the Eastern Nebraska Forensic Laboratory, opinion that several items contained 981.1 grams of cocaine hydrochloride.[8]

**Objection to Opinion 4:**

The Defendant claims that the expert, Christine Risen lacks sufficient qualifications, i.e., skill, training, knowledge or expertise; that the expert did not obtain sufficient facts or data; that the expert did not use reliable principles or methodologies;

---

> are all well-known techniques routinely used by chemists to determine the elemental composition of unknown samples." Rather, the court noted that the contentious issue was whether the test results were undercut by flaws in the laboratory tests, a matter involving the credibility of witnesses and weighing of the evidence, both of which were more suitable for resolution by the jury.

*Id*. at 1263.  Many other courts have come to the same conclusion, namely, that allegations of "laboratory error" should be made at trial.  *See United States v. Diaz*, CR 05-0167 WHA, 2006 WL 3512032 at *14 (N.D. Cal. Dec. 6, 2006), *United States v. Davis*, 602 F. Supp. 2d 658, 677-678 (D. Md. 2009), and *United States v. Crisp*, 324 F.3d 261, 271 (4th Cir. 2003).

However, as the court noted in *Beasley*, 102 F.3d 1440, 1448 (8th Cir. 1996), a known methodology can be altered enough by a mistake to become potentially inadmissible, but the mistake must be quite significant:

> An alleged error in the application of a reliable methodology should provide the basis for exclusion of the opinion only if that error negates the basis for the reliability of the principle itself. We agree with the Third Circuit that an allegation of failure to properly apply a scientific principle should provide the basis for exclusion of an expert opinion only if "a reliable methodology was so altered [by a particular expert] as to skew the methodology itself."

*United States v. Martinez*, 3 F.3d 1191, 1198 (8th Cir. 1993).  This has proven to be a high standard.  Judge Krieger herself has described the required showing as "extreme." *United States v. Gomez-Paz*, 10-CR-00567-MSK, 2011 WL 4345891 at *7 (D. Colo. Sept. 16, 2011).

Therefore, in order to avoid a *Daubert* hearing, it appears that the judge must be convinced that the challenges to an expert's testimony are based simply on alleged "laboratory errors" and minor procedural shortcomings, which should be raised on cross-examination at trial.  If the basic methodology used by the expert is being challenged, then a *Daubert* hearing is much more likely (though not necessary, as long as the court makes the required findings on the record).

[8]  Mr. Gaddy does not explain his nexus to the drugs being tested.  The drugs being tested were taken from a courier working with co-defendant Corey Riley.  If Mr. Gaddy is asserting for the purposes of this motion that he was working with the courier or Mr. Corey Riley, the Government would agree he has a nexus to the drugs.

and the expert did not reliably apply the principles or methodologies to the facts and data obtained  because the government failed to disclose sufficient information for the Defendant to know whether or not the chemist, the laboratory and the equipment were and whether or not the chemist had the proficiency qualifications, that the equipment was calibrated for proficiency and that the laboratory adopted the appropriate standards.[9]

### Time Requested for Hearing

The defendant anticipates that the admissibility of these four (4)[10] opinions can be determined in a two (2) day hearing.[11]

**WHEREFORE,** the Defendant, Gaddy requests that this Court set the matter for an evidentiary hearing, for the reasons stated.  The Government respectfully asserts the defendant has not specifically challenged the basic methodology employed by any of the forensic chemists and requests the Court to find there effectively has been no timely challenge to the basic methodology as contemplated by *Daubert*.

---

[9]  Mr. Gaddy's questions call for a rehearsal before trial of the normal questions which would be proposed and answered before the jury so the jury can decide what weight to give the expert's opinion.   The interests of judicial economy are not well served by going through the questions repeatedly.    At this time the underlying work papers showing the Nebraska chemist's work have been misplaced; the Government intends to disclose the work papers once they are located.

[10]  The Government does not understand why Mr. Gaddy refers to "four" opinions in light of the content of DOC # 437-1.  DOC # 437-1 is 26 pages long.  There are approximately 37 opinions rendered by 4 forensic chemists listed in the first 14 pages of DOC # 437-1.

[11]   The Government respectfully asserts that there is no authentic challenge to the basic scientific methodology employed by the forensic chemists in this case.  The Government does not agree that there should be a *Daubert* hearing before trial in the circumstances of this case and in light of Mr.Gaddy's showing.

-8-

Respectfully submitted this 27th day of June, 2012.

| **JEFFREY R. EDELMAN, P.C.** | **JOHN F. WALSH** |
|---|---|
| | **UNITED STATES ATTORNEY** |
| s/ Jeffrey R. Edelman | s/Guy Till |
| Jeffrey R. Edelman | Guy Till |
| 19201 East Mainstreet, Suite 203 | Assistant United States Attorney |
| Parker, Colorado  80134 | United States Attorney's Office |
| [720] 851-8440 | 1225 – 17th Street East |
| [720] 851-5874 [fax] | Seventeenth Street Plaza, Suite 700 |
| Email:  jredel@earthlink.net | Denver, Colorado  80202 |
| *Attorney for Defendant, Beltran* | Email:  guy.till@usdoj.gov |
| | *Attorney for Government* |

-8-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of the foregoing instrument were filed with the Clerk of the Court and served electronically via ECF, on this 27th day of June, 2012, and addressed to the following:

Ariel Z. Benjamin, Esq.
Harvey A. Steinberg, Esq.
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202-4920
Email:  abenjamin@springersteinberg.com
            law@springersteinberg.com
*Attorney for Defendant, Corey L. Riley (13)*

Darren R. Cantor, Esq.
Darren R. Cantor, P.C.
1127 Auraria Parkway, Suite 201-B
Denver, CO 80204
Email:  darren@cantorlaw.net
*Attorney for Defendant, Calvin R. Riley (12)*

Timothy D. Edstrom, Esq.
Law Office of Douglas L. Romero
200 South Sheridan Boulevard, Suite 150
Denver, CO 80226-8006
Email:  timedstrom@coloradochristiandefensecounsel.com
*Attorney for Defendant, Thomas A. Schrah, Jr. (14)*

Charles W. Elliott, Esq.
Law Offices of Charles W. Elliott
1801 Broadway, Suite 1100
Denver, Colorado  80202
Email:  Cwemdedme@aol.com
*Attorney for Defendant, Darrell R. Parker (11)*

Ronald J. Hahn, Esq.
Law Offices of Ronald Hahn
333 West Hampden Avenue, Suite 415
Englewood, Colorado  80110
Email:  rhahn3677@hotmail.com
*Attorney for Defendant, Clifford M. Wright (16)*

Edward R. Harris, Esq.
Office of the Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, CO 80202
Email:  Edward_Harris@fd.org
*Attorney for Defendant, George H. Askew (1)*

Dennis W. Hartley, Esq.
Dennis W. Hartley, P.C.
1749 South Eighth Street, Suite #5
Colorado Springs, CO 80905
Email:  Julia@hartleyslaw.com
*Attorney for Defendant, Eric Lugo (8)*

Scott Jurdem, Esq.
Jurdem, LLC.
820 Pearl Street, Suite H
Boulder, Colorado  80302
Email:  sj@jurdem.com
*Attorney for Defendant, Delbert J. Gardner (5)*

Eric M. Lee, Esq.
Douglas L. Romero, Esq.
Law Office of Douglas L. Romero, LLC
200 South Sheridan Boulevard, Suite 150
Denver, CO 80226-8006
Email:  ericlee@coloradochristiandefensecounsel.com
        dougromero@coloradochristiandefensecounsel.com
*Attorney for Defendant, Thomas A. Schrah, Jr. (14)*

Miller M. Leonard, Esq.
Miller Leonard, P.C
1767 Denver West Boulevard, Suite A
Golden, CO 80401
Email:  miller@themillerleonardlawfirm.com
*Attorney for Defendant, Richard W. Johnson (6)*

-10-

Normando R. Pacheco, Esq.
2371 Locust
Denver, CO 80207
Email:  joannasweetpea6@aol.com
*Attorney for Defendant, Johnie A. Myers (10)*

R. Scott Reisch, Esq.
Reisch Law Firm, LLC
1490 West 121st Avenue, Suite 202
Denver, CO 80234
Email:  rscottreisch@att.net
*Attorney for Defendant, Gregory A. Collins (3)*

John H. Schlie, Esq.
Law Office of John Henry Schlie
7100 East Belleview Avenue, Suite G-11
Greenwood Village, CO 80111
Email:  johnhenry@schlielawfirm.com
*Attorney for Defendant, Romell E. Bullock (2)*

Jonathan S. Willett, Esq.
The Law Offices of Jonathan S. Willett
1331 17th Street, Suite 608
Denver, CO 80202
Email:  jwillett@willettlaw.net
*Attorney for Defendant, James R. Switzer (15)*

                                                    s/Julie M. Mesaros
                                                    Julie M. Mesaros, Paralegal