IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 12-cr-00010-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   **GEORGE A. GADDY,**
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

      Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANT, GADDY'S OBJECTION TO GOVERNMENT'S MOTION FOR A PSYCHIATRIC EVALUATION AND DETERMINATION OF THE DEFENDANT'S MENTAL COMPETENCY TO STAND TRIAL (DOCKET #763)**

---

**COMES NOW**, the Defendant, George A. Gaddy, by and through his Court-appointed attorney, Jeffrey R. Edelman ("Edelman"), of Jeffrey R. Edelman, P.C., and hereby submits his brief in support of his objection to the Government's motion for a second psychiatric evaluation, and as grounds therefore, states and alleges as follows:

1. The government filed its Motion for a Psychiatric Evaluation and Determination of the Defendant's Mental Competency to Stand Trial (Docket #763) on or about November 29, 2012.

2. On or about December 3, 2012, the Defendant filed his objection to the government's motion and request for leave to file a brief in support thereof (Docket #774).

3. The Defendant filed his Motion to Determine Mental Competency of the Defendant on or about September 14, 2012 (Docket #637) pursuant to 18 U.S.C. § 4241 in order to determine whether or not the Defendant understood the nature and consequences of the proceedings against him and whether or not the Defendant would be able to properly assist counsel at trial and to prepare his defense.

4. The government did not object to the Defendant's motion. Attached to the Defendant's motion (Docket #637) was the curriculum vitae of Dr. Birgit Fisher, Ph.D. describing her qualifications in the field of clinical psychology and who is a licensed clinical psychologist.

5. A hearing was held on or about September 26, 2012 regarding the Defendant's motion at which time the Court approved the Defendant's Motion and appointed Dr. Birgit Fisher to conduct the mental health examination of the Defendant (Docket #665). It is the recollection of the undersigned that the government did not object to the appointment of Dr. Fisher and/or Dr. Fisher's qualifications at that hearing and may have even joined and/or supported the need for the Defendant to undergo this evaluation.

6. On or about November 9, 2012, the Defendant filed Dr. Fisher's report dated November 7, 2012 with the Court (Docket #746).

7. Dr. Fisher claimed in her report of November 7, 2012 that she performed certain tests, reviewed the Court's order for competency examination and determination, the proposed plea agreement, the Defendant's criminal history, certain investigative reports and a letter from Tom Williams, Psy.D. dated January 20, 1996. Dr. Fisher further stated in her report that she spoke with Mr. Gaddy's Veteran's Administration ("VA") mental health provider, Dr. Jennifer Starr on October 26, 2012 and on November 2, 2012.

8. As a result of Dr. Fisher's mental examination of the Defendant, Dr. Fisher determined that the Defendant was unable understand the charges against the Defendant and the consequences thereof and would be unable to assist in the defense thereof. In addition, on page 6 of the report, Dr. Fisher indicated that these conditions were permanent stating "it is unlikely that he will be able to gain a reasonable understanding of these proceedings, even if ongoing coaching is provided" after doing her own evaluation, examination and discussing the matter with the Defendant's VA mental health provider.

9. Furthermore, Dr. Fisher spoke with Dr. Starr who confirmed Dr. Fisher's diagnosis and observations of Mr. Gaddy's behavior, indicating that "he didn't just act a certain way with you or put on a "show" during the evaluation. My conclusions came from my own observations, the interview and testing."

10. The government now, without any basis, wants another evaluation because it is unhappy with the independent and comprehensive opinion of Dr. Fisher and the

Defendant's mental health provider, Dr. Starr, at the Veteran's Administration. The history of Mr. Gaddy illustrates that after being discharged from the Army in approximately 1969, Mr. Gaddy was initially found 10% disabled as a result of his military service, and approximately 14 years ago, the rating was changed to a 100% disability due to sever Post Traumatic Stress Disorder. See page 2 of Dr. Fisher's November 7, 2012 report.

11.  The only basis in support of the government's request for a second psychiatric evaluation is found on page 2, ¶ 4, which states in part:

> "The report filed on November 9, 2012, at DOC 746, was not prepared by a psychiatrist. In part because a medical condition may sometimes lie beneath and profoundly affect a psychological condition, the Government respectfully asks the Court to enter an Order appointing a qualified psychiatrist, pursuant to Tile 18 U.S.C. § 4241(b), to review all pertinent available personnel, medical, or psychological records and Rule 16 discovery in this case, examine the defendant, and provide a written report addressing the issue of competency to the Court within the next 90 days."

12.  The government supports its motion inferentially upon the basis that Dr. Fisher may not be qualified as a psychologist versus a psychiatrist to conclude the Defendant currently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and that his condition is permanent. The statute makes no distinction between these two types of professionals.

13.  Further, the government itself makes a medical, psychiatric or psychological conclusion without any basis that the government is qualified to render

such a conclusion and regardless does not appear to logically support the motion for a second competency evaluation.

14. The government further claims that it has been in communication with two (2) psychiatrists who are willing to accept such an appointment but never provides the qualifications of either psychiatrist. Further, the government could, but chose not to have either of its mental health nominees so much as to even try to impeach Dr. Fisher's methods, procedures and/or conclusions.

15. The 10th Circuit has had an opportunity to address this issue in 1991 in *U.S. v. Prince,* 938 F.2d 1092 (10th Cir. 1991).

16. In the *Prince* case, the defendant appealed the trial court's order claiming the trial court abused its discretion by refusing to order a second mental competency examination after completion of the initial exam. The 10th Circuit stated "A trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competency to stand trial" citing *Drope v. Missouri,* 420 U.S. 162 (1975).

17. The decision on whether to order a second competency examination is wholly within the sound discretion of the trial court. *Prince,* 938 F.2d @ 1095. See also, *U.S. v. Crosby,* 713 F.2d 1066, 1078 (5th Cir. 1983); *U.S. v. Hill,* 526 F.2d 1019, 1023 (10th Cir. 1975) (A trial judge acts within his range of discretion when he denies motions for psychiatric examination on the ground of lack of good faith in making the motion.) A decision to deny a motion for second mental competency examination cannot be reversed unless there is an abuse of discretion.

18.     The government has offered no evidence in the record of any reason for a second competency examination or the faultiness of Dr. Fisher's examination.

**WHEREFORE,** the Defendant requests that the government's request for a second competency examination be denied and/or for a forthwith determination of the government's request and/or for a hearing as soon as it is convenient for the Court, for the reasons stated.

Respectfully submitted this 7th day of December, 2012.

**JEFFREY R. EDELMAN, P.C.**

s/ Jeffrey R. Edelman
_____
Jeffrey R. Edelman, # 7413
18801 East Mainstreet, Suite 290
Parker, Colorado  80134
[720] 851-8440
[720] 851-5874 [fax]
Email:  jredel@earthlink.net
Attorney for Defendant

-7-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing instrument were filed with the Clerk of the Court and served electronically via ECF, on this 7th day of December, 2012, and addressed to the following:

Guy Till, Esq.
Assistant United States Attorney
1225 – 17th Street East
Seventeenth Street Plaza, Suite 700
Denver, Colorado  80202
Email:  guy.till@usdoj.gov

                                                    s/Julie M. Mesaros

                                                    Julie M. Mesaros, Paralegal