IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GEORGE H. ASKEW,
2.    ROMELL E. BULLOCK,
3.    GREGORY A. COLLINS,
**4.    GEORGE A. GADDY,**
5.    DELBERT J. GARDNER,
6.    RICHARD W. JOHNSON,
7.    SHEPS H. KHAMSAHU,
8.    ERIC LUGO,
10.    JOHNIE A. MYERS,
11.    DARRELL R. PARKER,
12.    CALVIN R. RILEY,
13.    COREY L. RILEY,
14.    THOMAS A. SCHRAH, JR.,
15.    JAMES R. SWITZER,
16.    CLIFFORD M. WRIGHT,

    Defendants.

_____

**ORDER FOR COMPETENCY EXAMINATION AND DETERMINATION**
_____

A hearing was held on the 10th day of January, 2013, on the Government's motion [763] requesting this Court order a mental competency examination as to defendant George A. Gaddy pursuant to 18 U.S.C. § 4241. The Government appeared by Assistant United States Attorney Guy Till. The Defendant appeared in person and by counsel, Jeffrey R. Edelman. Upon consideration of the motion, counsel's statements, the pleadings in this matter, and the Court's observation of Defendant, the Court granted the Government's motion [800]. The Court finds and concludes:

1

1.      Pursuant to 18 U.S.C. §4241(a), there is reasonable cause to believe the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2.      The Defendant is on bond pending the conclusion of this case.

3.      Pursuant to 18 U.S.C. § 4247(b), the Defendant will undergo a psychiatric/psychological evaluation by Susan Bograd, M.D., to be completed within 60 days of the date of this order.  The Defendant will cooperate fully with Dr. Bograd as requested.  The Defendant has agreed to sign waivers, releases and requests for production of his Department of Veterans Affairs (VA) records and Department of the Army or Department of Defense records, to include any medical records.  Proposed waivers, releases and requests will be generated by counsel and presented to the Defendant by defense counsel.   Once signed, the waivers, releases and requests will be transmitted to the VA or other responsible government agency.  A copy of this order may be transmitted to such government agency to secure the prompt attention and cooperation of such agency.  Such records shall be provided to the defense and Dr. Bograd for use in relation to this case.

4.      The psychological, psychiatric, and/or neuropsychological reports of Dr. Bogard shall be prepared and filed with the Court pursuant to 18 U.S.C. § 4247(c).

5.      Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that the delay resulting from the determination of the Defendant's mental competency to stand trial is excluded from the time within which trial must commence.

It is ORDERED that:

1. The Government's Motion to Determine Mental Competency of Defendant [763] is **GRANTED**, and

2. The competency evaluation shall be accomplished by Susan Bograd, M.D., 3300 East First Avenue, Suite 590, Denver, Colorado 80206, Phone 303-320-1968, Fax 322-2155;

3. The Defendant is ordered to cooperate fully with Dr. Bograd in support of the competency evaluation and sign any releases Dr. Bograd deems appropriate;

4. The examination shall be completed within 60 days from the date of this order, counsel shall assist Dr. Bograd to file the report with the Court, and either party may request the report to be filed as a restricted level 2 document;

5. Dr. Bograd shall have reasonable access to the Defendant's Department of the Army or Department of Defense records and the Defendant's VA medical and disability related records or other VA records maintained on behalf of the Defendant, George A. Gaddy; and

6. That pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4), the psychiatric or psychological report submitted by Dr. Bograd shall include the following:

   a. The Defendant's history and present symptoms;

   b. A description of the psychiatric, psychological, and medical tests that were employed or relied upon to develop the report and the results of such tests;

   c. The examiner's findings;

   d. The examiner's opinion about whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   e. The examiner's opinions as to the diagnosis and prognosis for the Defendant.

7.	If necessary, the Government and counsel for the Defendant shall assist Dr. Bograd in identifying the Defendant's medical providers and obtaining reasonable access for Dr. Bograd to review the records.

It is so ordered.  DATED this ____ day of January, 2013.

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Chief Judge