IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. **GEORGE A. GADDY,**
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

        Defendants.

## GOVERNMENT'S MOTION FOR AN ORDER TO ACCOMPANY SUBPOENA TO THE DEFENSE FINANCE AND ACCOUNTING SERVICE

The United States of America, by United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney (Government), hereby respectfully asks the Court for an order to accompany a Government Subpoena to the Defense Finance and Accounting Service (DFAS) of the Department of Defense (DOD) in relation to Defendant George A. Gaddy.  Following communications about this Motion with defense counsel, the

Government here informs the Court that the defense is opposed to this Motion.  In support of this Motion, the Government respectfully states and represents as follows:

      1.  Defendant George A. Gaddy appears to be claiming he has a mental disease or defect stemming from his service in the U.S. Army during the 1960s.  Before his case can be concluded, the Government believes the Court will need to make findings regarding the Defendant's competency to proceed.  While he was in open Court on January 10, 2013, [Docket Number 800], defendant George A. Gaddy stated he would sign release forms so his Army service records and his Veterans Administration (VA) records could be released by the Department of Defense (DOD) and VA for the purposes of determining his competency to proceed.  The parties submitted a proposed competency evaluation order for the Court's consideration, and the Court issued an Order contemplating the Defendant's signing waivers and requests for disclosure of his VA and Army service records [Docket Number 809, Order - ¶ 3].  Defendant George A. Gaddy, through counsel, has now indicated to the Government that the Defendant has changed his mind and will not sign the proposed release forms for Defendant's Army records and Veteran's Administration records.

      2.  Instead of signing the release forms for his VA and Army service records, Defendant George A. Gaddy has provided the Government a number of pages of documents which he has selected and which ostensibly support his position that he has, as the Government interprets the Defendant's communications, a medical or mental problem or condition stemming form his service in the Army during the 1960s.

      3.  The Government is not satisfied with the selected documents Defendant George A. Gaddy has provided.  A review of the documents provided discloses inconsistencies and

raises fundamental questions about the pertinent history of George A. Gaddy. From the records provided, it is not clear what units Defendant George A. Gaddy was assigned to or the dates or locations of his service. The records provided include statements attributed to Defendant George A. Gaddy which indicate George A. Gaddy is uncertain about the unit or units he served with in Viet Nam, the locations of his service in Viet Nam, and dates of his service in Viet Nam.

   4. The Government submits that the service history of a person serving in the Army during the 1960s can be determined by review of the pay and leave records maintained by the Defense Finance and Accounting Service (DFAS), a part of the DOD. Such records are not confidential in nature. In general, because public funds are involved in pay for military service, the DFAS does carefully keep track of where, when and how much a service member is paid during the course of the member's career. From experience, the DFAS records normally show the signature of the person being paid, the location and unit of assignment, and the dates for payments. During the 1960s it was normal for active duty service members to be paid every month. Upon information and belief, Defendant George A. Gaddy was on active duty for approximately 36 months. By reviewing the DFAS records for Defendant George A. Gaddy, it will be possible to determine where and when George A Gaddy was assigned during his period of active duty service in the Army during the 1960s.

   5. Based on information and belief, the Government understands that DFAS normally receives many requests for the kind of records the Government intends to subpoena in reference to George A. Gaddy.

6. In part because several other co-defendants are expected to be witnesses at the trial of George A. Gaddy, and accordingly proceedings in the cases of co-defendants are being delayed pending the conclusion of George A. Gaddy's case, the Government respectfully submits that it is in the interests of justice to determine situation and status of George A. Gaddy expeditiously.

7. In order for the staff at DFAS to deal with the Government's subpoena on an expedited basis, the Government respectfully submits, it would be very helpful if the Court were to provide an order to be delivered to DFAS with the Government subpoena directing DFAS to respond by a date certain or provide a written explanation of the reasons making an extension of time necessary. As of today's date, the Government expects defendant George A. Gaddy will meet with a court appointed psychiatrist on February 22, 2013, for the purpose of an evaluation of the defendant's status in relation to this case. The Government hopes to provide the records showing the Defendant's service history before the meeting n February 22, 2013.

Respectfully submitted this 1st day of February, 2013.

JOHN F. WALSH
United States Attorney

By:   s/*Guy Till*
GUY TILL
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO. 80202
Telephone:  (303) 454-0207
Fax: (303) 454-0401
E-mail:  guy.till@usdoj.gov
Attorney for Government

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of February, 2012, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR AN ORDER TO ACCOMPANY SUBPOENA TO THE DEFENSE FINANCE AND ACCOUNTING SERVICE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                  By:    s/ Lisa Vargas
                           LISA VARGAS
                           Legal Assistant
                           1225 Seventeenth Street, Suite 700
                           Denver, Colorado 80202
                           Telephone:  (303) 454-0100
                           Fax:  (303) 454-0409
                           E-mail: Lisa.Vargas@usdoj.gov